459 So.2d 743 (1984)
Rudolph R. SCHOEMANN, Individually, and as Natural Tutor on Behalf of the Estate of the Minor Plaintiff, Rodney Ryan Schoemann
v.
SKATE COUNTRY, INC., d/b/a Skate East and Chubb/Pacific Indemnity Group, et al.
No. CA-1918.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
*744 E. Ross Buckley, Jr., Blue, Williams & Buckley, Metairie, for defendants-appellees.
Frederick J. Gisevius, Jr., David E. Caruso, Jr., Law Offices of Frederick J. Gisevius, Jr., Matt Greenbaum, New Orleans, for plaintiff-appellant.
Rudolph R. Schoemann, New Orleans, in pro. per.
Before CIACCIO, LOBRANO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Appellant, Rudolph R. Schoemann, filed suit individually and as natural tutor of his unemancipated son, Rodney Schoemann, against Skate Country, Inc., Federal Insurance Company (the liability insurer for Skate Country, Inc.) and others for damages sustained by Rodney as a result of an accident which occurred on the premises of Skate Country, Inc. In his individual action Mr. Schoemann filed suit for medical expenses he incurred in treating his son. Federal Insurance Company and Skate Country, Inc. filed a third party demand against State Farm Fire and Casualty Company (the liability insurer of Florence Schoemann, Rodney's mother, and Richard Schoemann, Rodney's brother) for tort indemnity and/or contribution for the alleged negligence of Richard Schoemann and the vicarious responsibility of Florence Schoemann. By amended petition, Mr. Schoemann added State Farm Fire and Casualty Company (hereinafter referred to as State Farm) as a co-defendant. Due to a conflict of interest, Rudolph Schoemann was removed as Rodney's natural tutor and Peggy Salathe, Rodney's major sister, was appointed as his dative tutrix. On July 14, 1984, Rodney reached the age of majority and was substituted as party plaintiff on October 8, 1984.
The trial court rendered a summary judgment (without written reasons) in favor of State Farm as to both plaintiffs and then denied the motion for new trial filed by Rudolph Schoemann. It is from the summary judgment that appellants devolutively appeal.
The record shows that approximately six years prior to the accident in question, Florence and Rudolph Schoemann were divorced, and Mrs. Schoemann was granted legal custody of their natural children, including Rodney Schoemann. In the custody decree Mr. Schoemann was granted visitation rights on weekends, holidays and for three weeks during summer vacation. At no time following the divorce did Mr. Schoemann obtain legal custody of the minor, and Rodney continued to reside with his mother, subject to his (Mr. Schoemann's) visitation rights, through the date of the accident.
On March 4, 1977 Rodney went to his father's home to spend the weekend. The following evening Mr. Schoemann took his three sons to Skate Country, Inc. so that they could participate in two skating sessions. After the rink closed the boys were asked to leave the rink building and wait for their father in the parking lot. While in the lot, Rodney sustained the injuries that are the basis of this lawsuit.
At the time of the accident Florence Schoemann's personal residence was covered by a homeowner's liability insurance policy with State Farm. The policy provided in relevant part:
SECTION II
COVERAGES
COVERAGE EPERSONAL LIABILITY;

*745 This company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies ...
COVERAGE FMEDICAL PAYMENTS TO OTHERS
This company agrees to pay all reasonable medical expenses, incurred within one year from the date of the accident, to or for each person who sustains bodily injury to which this insurance applies ...
X X X X X X X X
EXCLUSIONS
THIS POLICY DOES NOT APPLY:
1. Under Coverage EPersonal Liability and Coverage FMedical Payments to Others:
(g) TO BODILY INJURY TO ANY INSURED WITHIN THE MEANING OF PARTS (1) AND (2) OF DEFINITION OF INSURED.
X X X X X X X X
DEFINITIONS
Applicable to Both Sections I and II. When used in this policy the following definitions apply:
(a) "Insured" means
(1) the Named Insured stated in the Declarations of this policy;
(2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured, ...
X X X X X X X X
Applicable Only to Section II
1. "bodily injury" means bodily injury, sickness or disease, including care, loss of services and death resulting therefrom.
2. "Medical expenses" means expenses for necessary medical, surgical, x-ray, dental services, including prosthetic services, ambulance, hospital, professional nursing and funeral services.
In its motion for summary judgment State Farm averred that under the terms of the homeowner's policy issued to Florence Schoemann, State Farm was not required to pay for personal injuries to an "insured" and that as a relative of the named insured and a resident of the named insured's household, Rodney was an "insured" as defined by the policy.
The primary issue presented by this appeal, therefore, is whether summary judgment was proper given the fact that on the night of the accident Rodney was living in his father's home. We conclude that it was, and we affirm.
A motion for summary judgment should only be granted where there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. The burden of proof rests with the mover, and all reasonable doubt must be resolved against the party moving for summary judgment. Latter & Blum, Inc. v. Von Ruekfrang, 249 So.2d 229 (La.App. 4th Cir.1971), app. on remand 288 So.2d 370 (La.App.1974).
In the instant case Rodney's mother was his legal guardian, and he lived with her subject to his father's visitation rights. Under such circumstances there can be no reasonable doubt that the child was a resident of his mother's household. Ursin v. Oubre, 343 So.2d 1189 (La.App. 4th Cir. 1977). Mr. Schoemann concedes as much when he asserts in his affidavit that "the children had in effect two residences."
Appellants assert that a summary judgment was improper because the phrase "residents of the named insured's household" is ambiguous and ambiguities must be construed against the insurer. LSA C.C. art. 1957; Vinet v. Hano, 281 So.2d 183 (La.App. 4th Cir.1973), writ denied 283 So.2d 501 (La.). We do not believe that the phrase was ambiguous as applied to the child's residency in his mother's household, and the phrase was not rendered ambiguous by virtue of the fact that the child was *746 spending the weekend with his father on the night of the accident.
In Taylor v. State Farm Mutual Automobile Insurance Company, 248 La. 246, 178 So.2d 238 (1965), David Taylor, an unemancipated minor, was living with his uncle in Louisiana when he was involved in an automobile accident in Louisiana. David's father, with whom David had lived all of his life, resided in Arkansas. Approximately one month prior to the accident, the minor moved from his father's home in Arkansas to live and work with his uncle in Louisiana. The Supreme Court held that the minor was a resident of his father's household and, further, that "it was not necessary that he be under his parents' roof at all times in order to be a `resident of the same household.'" Taylor, supra 178 So.2d at 243.
We conclude that in the instant case, the minor's temporary absence from his mother's home did not alter his status as a resident of her household for purposes of her homeowner's liability insurance.
Appellant, Rudolph Schoemann, further argues regarding his claim for medical expenses incurred in the treatment of Rodney, that he was neither a named insured nor an omnibus insured under the terms of the policy and, therefore, was not subject to the policy's exclusionary provisions. This contention is without merit as the policy clearly provides that it does not apply to "bodily injury to an insured." The bodily injuries herein were sustained by Rodney Schoemann and, as discussed above, he falls within the definition of "an insured."
Mr. Schoemann also avers that the term "bodily injuries" as defined by the policy does not include "medical expenses." We similarly find this contention to be without merit. The policy defines "bodily injuries" as "bodily injury, sickness or disease, including care, loss of services and death resulting therefrom." (emphasis added). It is clear that the exclusionary provisions of the policy encompass expenses for treatment incident to personal injuries to an insured as defined by the policy. Accordingly, we find that the trial court was correct in granting the motion for summary judgment.
For the above reasons, we affirm the judgment.
All costs of this appeal are assessed against appellant.