617 So.2d 128 (1993)
Christopher J. NASTASIA
v.
SYLVAN INCORPORATED d/b/a The Palladium and First Financial Insurance Company.
No. 92-CA-1084.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1993.
Robert A. Buckley, Chalmette, for plaintiff-appellant.
Thomas P. Richard, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for defendant-appellee.
Before BOWES, GRISBAUM and GOTHARD, JJ.
GRISBAUM, Judge.
This appeal results from a suit for personal injuries sustained in a physical altercation at a night club. From the trial court's judgment which granted the defendant's motion for summary judgment, the plaintiff now appeals. We affirm.
The sole issue presented is whether summary judgment was appropriate in light of the assault and battery exclusion language contained in the defendant's insurance policy.

*129 BASIC RECORD FACTS AND PROCDURAL HISTORY

The plaintiff's petition alleges that, on the evening of February 1, 1991, the plaintiff, Mr. Christopher J. Nastasia, was a patron at a night club, The Palladium, owned and operated by Sylvan, Inc. d/b/a The Palladium. Shortly after Mr. Nastasia's arrival at The Palladium, a fight broke out among other patrons. Although the plaintiff alleges that he was not involved in the altercation, he was struck in the face with a glass beer bottle, resulting in a cut on his left cheek. He was subsequently thrown to the ground by a "bouncer'Vemployee of The Palladium.
Following this incident, Mr. Nastasia was brought to the emergency room of East Jefferson Hospital where he received a number of stitches at the site of the cut. Sometime thereafter, he underwent plastic surgery for the revision of the scar.
The plaintiff filed suit against Sylvan, Inc. d/b/a The Palladium and its insurer, First Financial Insurance Company (First Financial), for past and future medical expenses, and for past, present and future pain, suffering, discomfort and mental distress. First Financial, then, filed a motion for summary judgment, asserting that the plaintiff's claim is barred by an assault and battery exclusion contained in its insurance policy. The trial court agreed with First Financial and granted its motion for summary judgment. From this judgment, the plaintiff now appeals.

ANALYSIS
Our standard of review regarding summary judgment is well defined and has been stated ad nauseam. See La.C.C.P. art. 966; Talamo v. Johnston, 554 So.2d 800 (La.App. 5th Cir.1989); Toups v. Hawkins, 518 So.2d 1077 (La.App. 5th Cir.1987); St. Pierre v. Lombard, 512 So.2d 1206 (La. App. 5th Cir.1987).
Our jurisprudence provides that "all reasonable doubt must be resolved against the party moving for summary judgment." Schoemann v. Skate Country, Inc., 459 So.2d 743, 745 (La.App. 4th Cir.1984) (citation omitted). Importantly,
on [a] motion for summary judgment, the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues, and ... if they are sufficient, the burden then shifts to the opposing party to present evidence showing [that] there are material facts at issue.
Primary Color Laboratory, Inc. v. Fox, 427 So.2d 590, 592 (La.App. 5th Cir. 1983) (citation omitted).
We will now address whether the trial court was manifestly erroneous in concluding that the pleadings and supporting documents establish that there remains no genuine issues of material fact.
Our jurisprudence indicates that "[i]f the language of an insurance policy and its endorsements are clear and unambiguous, then a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given.... Any provision in the contract which limits liability must be given effect." Paul v. Montesino, 535 So.2d 6, 7 (La.App. 4th Cir.1988), writ denied, 536 So.2d 1222 (La.1989) (citing Gonsalves v. Dixon, 487 So.2d 644, 645 (La. App. 4th Cir. 1986) and Maggio v. Manchester Ins. Co., 292 So.2d 255, 256 (La.App. 4th Cir.1974)).
The exclusion at issue provides as follows:
ASSAULT AND BATTERY EXCLSION
It is agreed and understood that this Insurance does not apply to bodily injury or property damage arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the Insured, his employees, patrons or any other person.
We find no ambiguity in the exclusion language. Ergo, we reject the plaintiff's argument that, because the terms "assault and battery" are not explicitly defined in the insurance policy, the exclusion is fatally ambiguous.
*130 Finally, the plaintiff contends that the assault and battery exclusion should apply only if the person who struck him actually intended to strike him. Moreover, he argues that the only allegation in the record indicates that he was not the intended recipient of the "blow"; on the contrary, he was an "innocent bystander." We disagree.
Here, again, the exclusion language clearly states "[T]his Insurance does not apply to bodily injury or property damage arising out of assault and battery...." (Emphasis added.) There is no doubt from the petition and related documentation that this injury was a direct result of "an act of" assault and battery within the premises, which is, we suggest, a prerequisite for this claim to trigger the exclusion. Nowhere does this exclusion language require that there be an assault and battery directed at a given plaintiff. Accordingly, we find the trial court was eminently correct in finding that summary judgment was appropriate.
For the reasons assigned, the trial court's judgment is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED