hBYRNES, Judge.
We grant writs in order to review the trial court’s denial of relator Interstate Fire and Casualty Insurance Company’s motion for summary judgment.
Plaintiff-respondent, Karen Lea, instituted the present suit seeking damages for injuries sustained during a fight at defendant Lehr-mann’s Bar in Chalmette, Louisiana. Lea, a bystander, was knifed in the arm by Mario Pizzalato during a barroom brawl. Named as defendants in the suit were Pizzalato, Ronnie Lehrmann, Lehrmann’s Inc. and Interstate Fire and Casualty Insurance Company, Lehrmann’s Inc.’s liability insurer.
Interstate Fire and Casualty Insurance Company filed a motion for summary judgment alleging that the policy issued to Lehrmann’s Inc. excludes coverage for damages arising from an assault and battery. The exclusion provides in pertinent part:
This policy does not apply to any claim, action, judgment, settlement, loss, defense, *724 cost, or expense in any way arising out of:
I. assault and/or battery; or
II. any act or omission connected directly or indirectly with the prevention or suppression of an assault and/or battery, including the protection of persons or property 12whether caused by or at the instigation or direction of any insured, an insured’s employee, an insured’s patrons or guests, volunteers working for or on behalf of an insured, or any other person. [Emphasis added.]
The plaintiff argued that her injuries were accidental and not a battery because Pizzala-to had no intention of harming her. Pizzala-to injured Ms. Lea while resisting efforts to be restrained. The trial court denied relator’s motion for summary judgment, concluding that there are genuine issues of material fact as to whether Ms. Lea’s injuries were accidental or a result of a battery. Interstate Fire and Casualty applied to this Court for writs which we grant.
Plaintiff alleges in her petition that:
2.
On or about June 25, 1993, petitioner Karen Lea was a patron at Lehrmann’s Inc. Bar located on 135 W. St. Bernard Highway, Chalmette, Louisiana 70043. While the petitioner was patronizing the bar, a barroom fight erupted. [Emphasis added.] While trying to flee and avoid the altercation, petitioner was seriously injured when she was knifed by another patron, Mario Pizzalato, on her right arm.
3.
Petitioner avers that the above-described accident was caused by the defendants in the following non-exclusive ways:
1. Defendants Lehrmann and Lehr-mann’s Inc. for:
a. Failing to maintain proper control of its premises;
b. Failing to maintain a safe environment for the patrons on the premises; and
c. Failing to warn patrons of dangerous circumstances.
d.Such other acts of negligence as will be proven at the trial of this case.
2. Defendant Mario Pizzalato for:
a. The intentional tort of battery;
b. Or in the alternative for negligence in slicing petitioner with the knife he intended to use on another patron; [Emphasis added.]
|gc. Such other acts of negligence as will be proven at the trial of this case.
Viewing the evidence and all inferences drawn from the evidence in the light most favorable to respondent, we will assume for purposes of argument that Ms. Lea was not the party that Mario Pizzalato wished to strike with his knife. Nevertheless, we still find that Pizzalato’s act can be characterized as either a battery or arising out of a battery. Nastasia v. Sylvan Inc., 617 So.2d 128,130 (La.App. 5th Cir.1993).
Accordingly, the judgment of the trial court is reversed and judgment is rendered in favor of Interstate Fire and Casualty Insurance Co. dismissing it as a defendant from this suit.
WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.