673 So.2d 1163 (1996)
John JONES, on Behalf of His Minor Unemancipated Child, Plaintiff-Appellant,
v.
Jane DOE, on Behalf of Her Minor Unemancipated Child, et al., Defendants-Appellees.
No. 95-1298.
Court of Appeal of Louisiana, Third Circuit.
April 24, 1996.
*1164 Kent Steven DeJean, for John Jones and on Behalf of Minor Son.
Jane Doe, et al., for Jane Doe, et al.
Peggy Dean St. John, Carolyn Jeanelle Smilie, Alexandria, for Titan Indemnity Company.
Before KNOLL, THIBODEAUX and WOODARD, JJ.
WOODARD, Judge.
As both the victim and the perpetrator in this suit are minors, parties have been given aliases. Plaintiff-appellant, John Jones, on behalf of his minor child, appeals the trial court's grant of Titan Indemnity Company's motion for summary judgment. The trial court concluded that coverage for a homosexual rape of five-year-old child on school premises was excluded under the Abuse and Molestation Exclusion of an insurance policy issued by Titan to the St. Landry Parish School Board.
For the reasons discussed in this opinion, we affirm the judgment of the trial court.

FACTS
On a school day in September 1993, Young Jones, then a five-year-old kindergarten student of East Elementary School in Eunice, asked and obtained permission from his teacher to visit the boys restroom. Upon entering the restroom, he was ordered to leave by X, whose age is variously given in the record as eleven, twelve, and thirteen. Young Jones refused to depart until after he used the facilities. Once he finished, X pushed the kindergartner face-first to the ground, forcibly removed the child's pants, and raped the five-year-old by act of sodomy. Because of the differences in their size and strength, and because of the suddenness of the attack, Young Jones was powerless to defend himself or to escape.
On August 17, 1994, John Jones, as administrator of his unemancipated minor son's estate, filed a petition for damages naming Jane Doe (X's mother), the St. Landry Parish School Board (SLPSB), and Titan Indemnity Company (SLPSB's insurer) as defendants. Insofar as the SLPSB and Titan are concerned, Jones alleges that the SLPSB was negligent in:
(1) failing to maintain separate restroom facilities for younger and older students;

*1165 (2) failing to properly evaluate X and the potential danger he posed to other elementary school children;
(3) failing to make reasonable efforts to prevent the X incident;
(4) failing to properly supervise X in light of his unique emotional, social, and educational problems; and,
(5) failing to maintain proper oversight over the school children involved in this incident.
Jones claims that as a result of the rape his son sustained physical injury, including the contracting of herpes, and psychic trauma, all from which he still suffers. Jones seeks damages for his son's past, present, and future medical treatment expenses, as well as for the boy's impairment, disability, and loss of enjoyment of life.
When the rape occurred, SLPSB maintained commercial general liability (CGL) coverage under a policy issued by Titan. CGL policy § I(1)(a) binds Titan to pay "those sums that [the SLPSB] becomes legally obligated to pay as damages because of bodily injury or property damage to which [the SLPSB's] policy applies." Likewise, § I(1)(a) binds Titan to defend the SLPSB in all suits filed by any plaintiff seeking to recover damages under the CGL policy.
Titan filed a pre-trial motion for summary judgment, asserting that the SLPSB's CGL policy contains an Abuse or Molestation Exclusion precluding recovery. After hearing Titan's motion on May 5, 1995, the trial court ruled for Titan as a matter of law.

LAW & DISCUSSION
Appellate courts review summary judgments de novo using the same criteria that the district court used in determining whether summary judgment is appropriate. Bertrand v. Metropolitan Life Ins. Co., 93-1123 (La.App. 3 Cir. 4/6/94); 635 So.2d 579. If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law, then the summary judgment shall be rendered forthwith. La.Code Civ.P. art. 966. When a motion for summary judgment is made, an adverse party may not rest on the mere allegations or denials of his pleading, but his response must set forth specific facts showing that there is a genuine issue for trial, and if he does not respond, summary judgment, if appropriate, shall be rendered against him. La.Code Civ.P. art. 967.
Here, the pivotal inquiry is not whether plaintiff may proceed against SLPSB, but whether there is a genuine issue of material fact in dispute and that as a matter of law Titan is entitled to summary judgment because the policy it issued to SLPSB excludes coverage. Its Abuse or Molestation Exclusion provides:
This insurance does not apply to "bodily injury," "property damage," "advertising injury," or "personal injury" arising out of:
(a) the actual or threatened abuse or molestation by anyone of any person, or
(b) the negligent:
(i) employment;
(ii) investigation;
(iii) supervision;
(iv) reporting to the proper authorities, or failure to so report; or
(v) retention;
of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.
Absent a statutory or public policy prohibition, insurers have a right to limit their liability in any manner they choose, and to enforce reasonable conditions upon policy obligations they contractually assume. Louisiana Ins. Guar. v. Interstate Fire, 93-911 (La. 1/14/94); 630 So.2d 759; Gaspard v. Northfield Ins. Co., 94-510, 94-511 (La.App. 3 Cir. 11/2/94); 649 So.2d 979, writ denied, 94-2906 (La. 2/9/95); 650 So.2d 1166. An insurance policy should not be interpreted in an unreasonable or strange manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Louisiana Ins. Guar., 630 So.2d 759. It is a contract between the parties and should be construed by using general rules of interpretation *1166 of contracts. Id. The parties' intent as reflected by the words in the policy determine the extent of the coverage; the intent of the parties is to be determined in accordance with general, ordinary, plain, and popular meaning of words used in the policy, unless the words have acquired a technical meaning. Id. Where the language in the policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written.
We find the language of the policy to be clear and unambiguous. Under its Abuse or Molestation Exclusion, Titan excludes from coverage injury that arises from abuse or molestation by anyone of any person. The broad, but definite, language in the policy before us is similar to that in Gaspard, where the issue was whether the policy language encompassed assault and battery acts by third persons. Gaspard, 649 So.2d 979. In Gaspard, we found that there was no ambiguity. "This exclusion contains no qualifying language that its applicability should be limited to certain persons but ... encompasses every situation relating to assault and battery regardless of the perpetrator." Id. At 982. The allegations of the case sub judice fit four-square within the exclusion provisions, and we have been apprised of no rule of law prohibiting such a coverage exclusion.
We note at this point that the intentional act exception does not apply to this case, since that exception only operates to keep an insured from seeking indemnification for his own intentional acts. The exception does not operate simply because an intentional tort has occurred; it operates only when an intentional tort is committed by the insured. In the case sub judice, the intentional tort was committed by a third-party, not by the insured. Therefore, the intentional act exception does not apply.
We also find that SLPSB's negligence in this matter, based on the act of molestation by X, is excluded from coverage because X's act of molestation is excluded from coverage.

CONCLUSION
The policy exclusion under review states that it does not cover injury arising from abuse or molestation of anyone by any person. We believe that is exactly what it means, and we conclude that the insurance company was not prohibited from incorporating such a clause.

DECREE
We hold that Titan's Abuse or Molestation Exclusion does preclude plaintiff from recovering under the SLPSB's CGL policy. Accordingly, we affirm the trial court's grant of Titan's summary judgment motion and remand the cause for further disposition consistent with this opinion. Plaintiff is cast for all costs of this appeal.
AFFIRMED & REMANDED.
THIBODEAUX, J., dissents with reasons.
THIBODEAUX, Judge, dissenting.
The majority misses the legal issue and conveniently excludes a discussion of a factual circumstance which impacts on the issue of whether the injury was intentional so as to invoke the protection of the exclusionary clause. The majority concludes that it is immaterial to consider the issue of specific harm because of the language of the contract. Furthermore, it argues, to the extent that it would be material, specific harm can be inferred from the circumstances. Moreover, and more surprisingly, the majority would have the plaintiff prove a negative, i.e., that Young Doe did not intend a specific harm to flow from his act. It imposes an almost impossible burden on the plaintiff.
In my view, the burden is on Titan to establish that Young Doe, a special education student, intended to cause harm to Young Jones. In order for Titan's exclusion to preclude plaintiff from recovering under the SLPSB policy, Titan must prove that Young Doe not only intended to sexually assault Young Jones but also that he intended to cause the resulting harm to plaintiff. Liability is not precluded for an intended act; rather, it is precluded for an intentional injury. Sabri v. State Farm Fire and Casualty Company, 488 So.2d 362 (La.App. 3 Cir.), *1167 writ not considered, 493 So.2d 630 (La.1986). When the act is intentional, but the injury is not, the exclusionary clause is not applicable. Rambin v. Wood, 355 So.2d 561 (La.App. 3 Cir.1978). In Pique v. Saia, 450 So.2d 654, 655 (1984), the Louisiana Supreme Court held:
An act is intentional, i.e., the product of an intentional act, only when the person who acts either consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or knows that result is substantially certain to follow from his conduct, whatever his desire may be as to the result.
Based on the record, I cannot yet conclude that Young Doe intended the harm which resulted from his actparticularly considering the fact that Young Doe requires special education. This conclusion comports with another one of Louisiana's public policies which relate to the protection of innocent injury victims. Sledge v. Continental Casualty Company, 25770 (La.App. 2 Cir. 6/24/94); 639 So.2d 805; see also Young v. Brown, 27018 (La.App. 2 Cir. 6/21/95); 658 So.2d 750. (It has long been the recognized public policy of this state that liability insurance is issued for the protection of the general public as well as for the security of the insured).
The majority notes that the intentional act exception is inapplicable in this case because it "only operates to keep an insured from seeking indemnification for his own intentional act. The exception does not apply simply because an intentional tort has occurred; it operates only when an intentional tort is committed by the insured." The majority's assessment of the exclusionary provision's effect upon the insured is correct. However, the analysis does not end there. Both Rambin and Sabri recognize that intentional act exceptions do not prevent an insurer from providing coverage to the innocent injured victim where the insured acts intentionally, but does not intend to cause plaintiff's resulting harm. The purpose behind such exclusions is to prevent the insurer from indemnifying the insured from his or her own intentional acts. However, the exclusions effect upon the insured is not at issue in this case. Instead, Titan is using its exception as a shield against providing coverage to the innocent injured victim. We may only agree with Titan's position once we are certain that the insured intended both the act as well as the resulting harm to plaintiff. Absent such certainty, plaintiff must be permitted to proceed against Titan. The majority errs in affirming the lower court's grant of Titan's summary judgment motion because we are not yet certain that the insured intended the harm resulting from an intentional act.
More disturbingly, the majority asserts that the intentional act exception is inapposite to this case because the intentional tort was committed by a "third-party" and not by the insured. This assertion is incorrect as it fails to recognize the principles of garde/custodial liability under La.Civ.Code art. 2317, which provides:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
Titan, through the St. Landry School Board, is unquestionably answerable for Young Doe's conduct; therefore, Titan is responsible for Young Jones' harm. This matter should be remanded for consideration of whether Young Doe intended to cause Young Jones' harm.
The trial court erroneously granted Titan's summary judgment motion. The policy should be read to extend coverage to the SLPSB until Titan comes forward with credible and admissible evidence to show otherwise.
For the foregoing reasons, I respectfully dissent.