I!YELVERTON, Judge.
On or about February 3, 1996, plaintiff, Dale Dartez, was injured when she slipped and fell on ice at Jefferson Terrace Self Storage Facility in Iberia Parish. She was delivering Christmas decorations to be stored at a mini-storage unit which was rented by her daughter, Mickey Dartez, when the accident occurred.
Dale Dartez sued Jefferson Terrace and its owners, as well as its insurer, Atlas Assurance Company, for the personal injuries she sustained. Jefferson Terrace and Atlas, in turn, joined as third-party defendants Mickey Dartez and Louisiana Joint ^Underwriters (Fair Plan) of Audubon Insurance Company (Audubon) which had issued a homeowner’s policy to Rosita Dartez, Mickey Dartez’s grandmother, with whom Mickey was living at the time.
Jefferson Terrace and Atlas maintained that Mickey Dartez had contractually agreed to indemnify them for any and all claims arising out of the rental of the storage facility. They relied on a rental agreement executed between Mickey Dartez and Jefferson Terrace concerning the rental of the storage unit in which the occupant, Mickey Dartez, agreed to “indemnify and hold harmless the owner from and against any and all and any manner of claim(s) for damages or loss to personal property or personal injury and costs.... ” Claiming that Mickey Dartez was an insured under Rosita Dartez’s homeowner’s policy with Audubon, Atlas sought indemnification from both parties in the event that Jefferson Terrace and Atlas were found liable to Dale Dartez for the injuries she sustained.
Audubon initially sought summary judgment on the grounds that its homeowner’s policy contained specific bodily injury and personal liability exclusions to an “insured.” It also claimed that since Dale Dartez was an insured under the policy, Audubon’s policy did not provide coverage for her injuries. Atlas not only opposed Audubon’s motion but also filed its own motion for summary judgment maintaining that Audubon’s policy did indeed provide coverage for the contractual obligations of Mickey Dartez. Atlas asserted that this was a claim for indemnity by a third party rather than a claim for bodily injury by an insured.
The trial judge granted Audubon’s motion for summary judgment, effectively denying Atlas’ motion for summary judgment, finding that Audubon’s Rpolicy did not cover the situation at issue for two reasons: (1) Audubon’s policy did not cover injuries to an “insured,” and Dale Dartez was an insured under the policy; and (2) the policy only covered “insured locations,” and the mini-storage unit was not an insured location. From this judgment, defendants Jefferson Terrace and Atlas have appealed. We affirm.
*111 Law & Discussion
Appellate courts review summary judgments de novo using the same criteria the district court considers in determining whether summary judgment is appropriate. Jones v. Doe, 95-1298 (La.App. 8 Cir. 4/24/96); 673 So.2d 1163. A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B); Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-0050 (La.3/13/98); 712 So.2d 882.
At the time of the accident, both Mickey and Dale Dartez were living with Rosita Dar-tez. Audubon issued a homeowner’s insurance policy to Rosita Dartez that was in effect on February 3, 1996, at the time the events in dispute took place. Under Audubon’s policy, an “insured” is defined as “you and residents of your household who are: a) your relatives or b) other persons under the age of 21 and in the care of any person named above.” Neither party disputes that both women were residing with Rosita Dar-tez when Dale Dartez slipped and fell. As such, both Mickey Dartez and Dale Dartez are “insureds” under Audubon’s policy.
|4The issue, then, is whether the claims by Jefferson Terrace and Atlas are claims for bodily injury to an insured and thus excluded from coverage under Audubon’s policy. Jefferson Terrace and Atlas argue that these are not claims for bodily injury to an insured; rather, they maintain that these claims are contractual claims for indemnity by a third party and thus are not excluded as bodily injuries to an insured. We must interpret the policy and decide whether as a matter of law Audubon is entitled to summary judgment because its homeowner’s policy excludes coverage to an insured.
The main policy provision in contention is the following:
2. Coverage E — Personal Liability, does not apply to:
a. Liability:
(2) Under any contract or agreement. However, this exclusion does not apply to written contracts:
(a) That directly relate to the ownership, maintenance or use of an “insured location”; or
(b) Where the liability of others is assumed by the “insured” prior to an “occurrence”; unless excluded in (1) above or elsewhere in this policy.
While Jefferson Terrace and Atlas rely on this provision to argue that coverage exists, Audubon argues that the final phrase “unless excluded in (1) above or elsewhere in this policy” limits the provision. Further, Audubon maintains that subsection (f) of that same provision clarifies the exclusions:
2. Coverage E — Personal Liability does not apply to:
f. “Bodily injury” to you or an insured within the meaning of part a. or b. of “insured” as defined.
|5To repeat, while Atlas and Jefferson Terrace maintain that, under the provisions of 2. a. (2)(a) and (b), they are entitled to indemnity for the obligations of Mickey Dartez, Audubon relies on the policy exclusion since Dale Dartez was an insured under the contract.
Prior Louisiana jurisprudence provides this court with guidance in interpreting an insurance contract. In the absence of a statute or public policy prohibition, insurers have a right to limit their liability in any manner they choose and to enforce reasonable conditions upon the obligations they contractually assume. Jones, 673 So.2d 1163, (iciting Louisiana Ins. Guar. v. Interstate Fire, 93-0911 (La.1/14/94); 630 So.2d 759; Gaspard v. Northfield Ins. Co., 94-510, 94-511 (La.App. 3 Cir. 11/2/94); 649 So.2d 979, writ denied, 94-2906 (La.2/9/95); 650 So.2d 1166). Where the language of a policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. Jones, 673 So.2d at 1166. “An insurance policy should not be interpreted in an unreasonable or strange manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an *112 absurd conclusion.” Id. In determining the extent of coverage, the intent of the parties is considered in light of the general, ordinary, plain, and popular meaning of words. Id. Finally, ambiguity must be resolved by construing the policy as a whole; one policy provision is not to be construed separately at the expense of disregarding other policy provisions. Louisiana Ins. Guar., 630 So.2d 759.
Although this particular issue has not been considered by our courts, other jurisdictions have considered whether family exclusion clauses in homeowner’s insurance policies should operate to preclude both direct claims by an insured against 16the insurer as well as indirect claims such as contribution actions by third parties. In Rabas v. Claim Management Services, Inc., 205 Wis.2d 483, 556 N.W.2d 410 (Wis.App.1996), plaintiff, escorted by her daughter to a clinic, tripped and fell over a hose which allegedly led to her death the next day. Her surviving spouse filed an action against the clinic and its insurer Aetna. Aetna then filed a contribution action against the daughter and Kossuth, their homeowner’s liability insurer, based on the daughter’s negligence.
The appellate court affirmed summary judgment in favor of Kossuth based on the family exclusion clause in Kossuth’s insurance policy. Here, the court found the family exclusion clause to be valid following the principle that whether it is a direct claim by family members or whether it is indirectly asserted through a contribution claim by a third party, the possibility of collusion is present and therefore warrants the preclusion of such third-party claims. Id.
This policy view derives from the Wisconsin Supreme Court’s decision in Whirlpool Corp. v. Ziebert, 197 Wis.2d 144, 539 N.W.2d 883 (Wis.1995), which also held that family member exclusion clauses apply to contribution claims against an insured and are not contrary to public policy. Here, a child injured her hand in a meat grinder. After the mother filed an action against Whirlpool to recover for the child’s injuries, Whirlpool filed a separate contribution action against the mother and her homeowner’s insurer, Allstate, alleging that the mother’s negligent supervision caused the injuries.
The issue before the Whirlpool court was whether the family exclusion clauses should encompass not only direct claims against an insured but also indirect 17action such as contribution claims by third parties. The court considered the policy reasoning in Shannon v. Shannon, 150 Wis.2d 434, 442 N.W.2d 25 (1989)[1], to extend Shannon’s holding to encompass indirect claims:
Homeowner’s insurance policies often cover liability for injury to third persons. These same policies frequently exclude coverage for liability to ‘residents’ of the household.... The purpose has been explained so ‘as to exempt the insurer from liability to those persons to whom the insured, on account of close family ties, would be apt to be partial in case of injury.’ ... Thus, the exclusion protects insurers from situations where an insured might not completely cooperate and assist an insurance company’s administration of the case.
Whirlpool, 539 N.W.2d at 885 (quoting A.G., Waite v. Travelers Ins. Co., 112 Wis.2d 18, 20-21, 331 N.W.2d 643, 644 (Wis.Ct.App.1983)).
Clearly, the fear of collusion between the insured family members is at the forefront of the problem in accommodating contribution or indemnification claims by third parties.[2] Under the reasoning of the Wis- *113 eonsin courts, family exclusion clauses are deemed valid whether they involve a direct suit against an insured family Rmember or an indirect action such as a contribution claim by a third party. We find this reasoning persuasive.
In Lumbermen’s Mutual Casualty Co. v. Vaughn, 199 Cal.App.3d 171, 244 Cal.Rptr. 567 (Cal.Ct.App. 6 Dist. 1988), which concerned facts similar to our present case, a husband, Leep, rented a garden tractor from defendant A-l Rental. His wife was killed while operating the tractor. In the rental agreement between the husband and the rental company, the customer agreed to defend and indemnify the company from any claims for liability, damages, or injuries, including claims for liabilities to third parties. After the accident, Leep sued Rental for the wrongful death of his wife. Rental then filed a cross-complaint against Leep for indemnity based on the indemnity provisions in the rental agreement. Leep, in turn, tendered his defense to Carrier, his homeowner’s liability insurer.
However, Leep and his wife were named insureds .in Carrier’s homeowner’s insurance policy which excluded personal liability coverage for “bodily injury to you and any insured.” Id. at 570. Therefore, Carrier moved for summary judgment arguing that the family exclusion precluded coverage for Leep’s indemnification obligations. Both Leep and Rental argued that the insurer’s exposure originated from the indemnification provisions in the rental agreement rather than from a suit for damages instituted by one family member against another. Citing the possibility for collusion, the court stated “this is a distinction without a difference.” Id. at 574. The court held that if the family exclusion is plain and unambiguous, “it bshould not be disregarded merely because a family member sides with a party who is not.” Id.[3]
We also find support for this reasoning in other cases cited by Audubon in its brief. Utley v. Allstate Ins. Co., 19 Cal.App.4th 815, 24 Cal.Rptr.2d 1, (Cal.App. 2 Dist.1993); State Farm Fire & Cas. Co. v. Ondracek, 173 Ill.App.3d 581, 123 Ill.Dec. 251, 527 N.E.2d 889 (Ill.App.Ct.1988); State Farm Fire & Cas. Co. v. Holeczy, 152 Ill.App.3d 448, 105 Ill.Dec. 686, 504 N.E.2d 971 (Ill.App.Ct.1987), appeal denied, 115 Ill.2d 551, 110 Ill.Dec. 465, 511 N.E.2d 437 (Ill.1997).
Although Louisiana courts have not considered such indemnification claims by third parties, our courts have held that family member exclusion clauses or resident relative exclusion clauses may operate to preclude a family member who is considered an insured from recovering under that policy. In Schoemann v. Skate Country, Inc., 459 So.2d 743 (La.App. 4 Cir.1984), a young boy was injured in the parking lot of a skating rink. The boy’s father sued the skating rink, and the skating rink filed a third-party claim against the mother’s homeowner’s liability insurer, State Farm, for contribution and indemnity based on the alleged negligence of the father and the vicarious liability of the mother. The boy’s father then named State Farm as a co-defendant. The court found that there was no coverage because the boy fell within the definition of an “insured” and was thus excluded from coverage under the homeowner’s policy. Other Louisiana courts have applied similar reasoning in finding family or resident exclusions applicable in homeowner’s policies. Zeringue v. Zeringue, 94-1411 (La.App. 1 Cir. 4/7/95); 654 So.2d 721, writ denied, 95-1660 (La.10/6/95); 661 So.2d 471; Whitaker v. State Farm Fire and Cas. Co., 454 So.2d 1251 (La.App. 2 Cir.1984), writ denied, 462 So.2d 1262 (La.1985); Tucker v. State Farm Fire and Cas. Ins., 599 So.2d 447 (La.App. 2 Cir.), writ denied, 604 So.2d 1004 (La.1992); Leehans v. State Farm Ins. Co., 534 So.2d 979 (La.App. 5 Cir.1988).
Applying the principles applied by our sister courts, we hold that the policy exclusions in Audubon’s policy clearly and unambiguously preclude coverage to an “insured” under its policy. The insurance con *114 tract expressly limits such coverage to those who are not considered “insureds” under the contract. If Dale Dartez had sued Audubon individually for her injuries, she would not have been able to recover as she is an insured under the policy. Likewise, she should not be able to recover indirectly through Atlas’ claims for indemnity based on a Rental Agreement executed between Mickey Dartez and Jefferson Terrace. Although Mickey Dartez did agree to indemnify Jefferson Terrace and Atlas, this cannot be grounds for allowing Jefferson Terrace and Atlas to recover under Audubon’s homeowner’s policy for injuries sustained to an insured under that policy. Having found that Jefferson Terrace and Atlas are not entitled to recover for the indemnity obligations of Mickey Dar-tez under Audubon’s homeowner’s policy, we do not address the issue of whether the rental unit was an insured location.
| uFor the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Louisiana Joint Underwriters (Fair Plan) of Audubon Insurance Company is affirmed at appellants’ cost
AFFIRMED.

. Shannon involved a direct suit by an insured under a homeowner’s policy.

. The Whirlpool court explained the possibility of collusion:
"Ultimately, the reasoning supporting Shannon, collusion in intra-family lawsuits, is just as persuasive when applied to contribution claims. A real-world hypothetical demonstrates the possibility of collusion in indirect claims quite clearly. If Whirlpool did not have the financial resources to meet Jaclyn's judgment, a contribution claim against Sharon and Allstate may be the only source of funds. In such a situation, Sharon may be more concerned with her daughter receiving compensation for her injuries than with cooperating fully with Allstate. Furthermore, it is unlikely that Sharon would defend herself with as much zeal as she would if her own assets were at stake.”
Whirlpool, 539 N.W.2d at 885.

. The court stated, “A 'family exclusion’ in an insurance policy is designed to
protect the insurance carrier from collusion both by and between family members. Whether a family member colludes with another family member, or with an adversary who is not a family member, the result is the same: the insurance carrier becomes the victim.”