GUIDRY, J.
12In this personal injury suit, appellants appeal a summary judgment granted in favor of a homeowner’s insurer on the grounds that intentional injury and sexual molestation exclusions preclude coverage under the policy at issue. For the reasons assigned, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiffs, P.D.[1] and An.D., filed this suit, individually and on behalf of their *242 minor daughter, A.D. to recover damages for personal injuries as the result of events that allegedly occurred when A.D. attended a party and spent the night at the home of her friend, D.W. In their petition, plaintiffs allege that D.W.’s mother, S.W.L., and/or her husband, R.L., provided alcoholic beverages to the minor children during the party, which was held at their home, resulting in A.D., who was sixteen years old at the time, becoming intoxicated. K.W., the minor son of S.W.L., and J.K., the minor son of Mrs. K., also allegedly attended the party and/or were present at the home where it was held. K.W. was thirteen years old at the time, and J.K. was approximately the same age.
The plaintiffs’ petition alleges that, after A.D. either went to sleep or passed out in D.W.’s room, K.W. and J.K. entered the room, removed A.D. to another room, and engaged in “non-consensual sexual intercourse and non-consensual sexual conduct with [A.D.].... ” The petition asserts that at no time did A.D. “consent to engage in sexual intercourse or sexual conduct” with either boy. The petition named S.W.L. and R.L. (referred to collectively as defendants), Mrs. K., and Liberty Mutual Insurance Company, defendants’ homeowner insurer, as defendants. Defendants and Mrs. K. filed answers denying that the boys engaged |sin non-consensual sexual intercourse or other non-consensual sexual conduct with A.D.
Liberty Mutual admitted it had issued a policy of homeowner’s insurance to the defendants that was in effect at the time of the alleged incident. Nevertheless, Liberty Mutual filed a motion for summary judgment seeking the dismissal of plaintiffs’ claims against it on the grounds that there was no coverage under the policy because it contained both an exclusion for bodily injuries “expected or intended” by the insured, as well as an exclusion for bodily injuries “[ajrising out of sexual molestation.” For purposes of its motion, Liberty Mutual accepted the allegations of plaintiffs’ petition as true. Defendants filed an opposition to the motion with attached affidavits. In his affidavit, K.W. specifically denied that he engaged in non-consensual sexual intercourse or other non-consensual sexual conduct with A.D.
Following a hearing, the district court granted the summary judgment and dismissed plaintiffs’ claims against Liberty Mutual. Plaintiffs appealed this judgment, arguing the district court erred in finding the intentional injury and the sexual molestation exclusions to be applicable. They further argue these exclusions violated public policy in that they seek to limit liability coverage for parental vicarious liability. Defendants also appealed, asserting the district court erred in finding the said exclusions barred coverage, as well as contending the district court erred in determining there were no genuine issues of material fact that precluded summary judgment.
STANDARD OF REVIEW
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a party to a suit. See La. C.C.P. art. 966; Samaha v. Ran, 07-1726, p. 3 (La.2/26/08), 977 So.2d 880, 882. On appeal, summary judgments are reviewed de novo by the |4appellate court using the same criteria that governs the district court’s consideration of whether summary judgment is appropriate, ie., whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B; Samaha, 07-1726 at pp. 3-4, 977 So.2d at 882-83.
A motion for summary judgment should be granted only if the pleadings, deposi *243 tions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966 A(2); Samaha, 07-1726 at p. 4, 977 So.2d at 883.
The burden of proof is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2); Samaha, 07-1726 at p. 5, 977 So.2d at 883.
INTERPRETATION OF INSURANCE POLICY
An insurance policy is a contract between the parties and should be construed using the general rules for interpretation of contract set forth in the Louisiana Civil Code. See La. C.C. art. 2045; Cadwallader v. Allstate Insurance Company, 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580. In interpreting insurance policies, the responsibility of the judiciary is to determine the common intent of the parties. La. C.C. art. 2045; Cadwallader, 02-1637 at p. 3, 848 So.2d at 580. An analysis of the parties’ common intent begins with an examination of the words of the insurance contract itself. See La. C.C. art. 2046; Sims v. Mulhearn Funeral Home, Inc., 07-0054, p. 7 (La.5/22/07), 956 So.2d 583, 589.
In determining the meaning of words of an insurance policy, the words and phrases used in the policy should be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. See La. C.C. art. 2047; Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Norfolk Southern Corporation v. California Union Insurance Company, 02-0369, p. 28 (La.App. 1st Cir.9/12/03), 859 So.2d 167, 189, writ denied, 03-2742 (La.12/19/03), 861 So.2d 579. When the meaning of the words is clear, the court should look no further in determining the intent of the parties. Norfolk, 02-0369 at p. 28, 859 So.2d at 189.
Ambiguous policy provisions are generally construed against the insurer and in favor of coverage. See La. C.C. art. 2056; Cadwallader, 02-1637 at p. 4, 848 So.2d at 580. Moreover, equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer. Cadwallader, 02-1637 at p. 4, 848 So.2d at 580. However, this strict construction principle applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations. Thus, for the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable. Cadwallader, 02-1637 at p. 4, 848 So.2d at 580.
The determination of whether a contract is clear or ambiguous is a question of law. Cadwallader, 02-1637 at p. 4, 848 So.2d at 580. A summary judgment declaring a lack of coverage under an insurance policy may be rendered when there is no reasonable interpretation of the policy, when applied to the undisputed facts IfiShown by the evidence supporting *244 the motion, under which coverage could be afforded. See Sanchez v. Callegan, 99-0137, p. 5 (La.App. 1st Cir.2/18/00), 753 So.2d 403, 405.
DISCUSSION
The homeowner’s policy issued to defendants contained an exclusion providing there was no personal liability or medical payments coverage under the policy for “bodily injury ... [ajrising out of sexual molestation, corporal punishment or physical or mental abuse.... ” Liberty Mutual maintains this exclusion is applicable because it is clear that sexual molestation occurred in this case,[2] and the policy excludes all damages arising from such molestation. However, appellants contend the district court erred in concluding this exclusion was applicable for several reasons.
First, pointing out that the term “sexual molestation” is not defined by the policy, plaintiffs argue coverage was not clearly excluded because the term “sexual molestation”, is ambiguous, being susceptible of more than one meaning. Thus, they assert the exclusion must be construed against Liberty Mutual. In support of their contention, they rely on Newby v. Jefferson Parish School Board, 99-98 (La.App. 5th Cir.6/1/99), 738 So.2d 93, which involved interpretation of a sexual molestation exclusion with language identical to the exclusion at issue herein. The Newby court held that the term “sexual molestation” was ambiguous under the facts before it and, therefore, concluded there should be coverage under the policy. Newby, 99-98 at p. 9, 738 So.2d at 98.
However, we believe the holding of Newby is limited to its own facts, which involved consensual sexual relations between a couple that began when the boy was seventeen years old and the girl fourteen years old. The girl’s parents |7eventually filed a suit for damages after discovering the relationship. In that suit, the homeowner’s insurer of the boy’s parents asserted the policy excluded coverage for injuries “[ajrising out of sexual molestation .... ” Focusing on the fact that the sexual relations between the couple were always consensual, the Newby court found that none of the dictionary definitions of “molest” applied to the facts presented, since those definitions all implied “some degree of unwanted action.” Newby, 99-98 at pp. 7-8, 738 So.2d at 97. Additionally, the court concluded the criminal definition for the offense of molestation of a juvenile was not met, because the sexual relations were consensual and not forced or coerced in any manner. Under those circumstances, the Newby court held the term “sexual molestation” was “ambiguous and not clearly applicable to the facts of this case as presented herein.” Newby, 99-98 at p. 9, 738 So.2d at 98 (emphasis added).
Unlike the situation in Newby, the present case involves allegations of non-consensual sexual intercourse. Specifically, plaintiffs allege that two thirteen-year-old boys engaged in non-consensual sexual intercourse and non-consensual sexual conduct with their sixteen-year-old daughter. Given that the result reached in Newby was based largely on the fact that the sexual relations at issue were consensual, we do not believe that holding has any application to the particular situation presented herein.
As previously noted, in interpreting an insurance policy, the words and phrases *245 used in the policy generally should be construed using their plain, ordinary and generally prevailing meaning. See La. C.C. art. 2047; Cadwallader, 02-1637 at p. 3, 848 So.2d at 580. Further, an insurance contract should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion. Courts have no authority to pervert the words or exercise inventive powers to create an ambiguity where none [Sexists, or to make a new contract when the terms express the parties’ intent with sufficient clarity. Cadwallader, 02-1637 at pp. 3-4, 848 So.2d at 580.
Although “sexual molestation” is not defined in the instant policy, we believe the term is clear and unambiguous as applied to the situation before us, which involves allegations of non-consensual sexual intercourse and other non-consensual sexual conduct that were conceded by Liberty Mutual to be true for purposes of its motion for summary judgment Black’s Law Dictionary 1021 (7th ed.1999) defines “molestation,” in part, as “[t]he act of making unwanted and indecent advances to or on someone, esp. for sexual gratification.” We believe this definition is indicative of the plain and generally prevailing meaning of “sexual molestation.” In American Commerce Insurance Company v. Porto, 811 A.2d 1185, 1199 (R.I. 12/26/02), the Rhode Island Supreme Court held that an exclusion barring coverage for “actual, alleged, or threatened sexual molestation” was not ambiguous. In reaching this conclusion, the court observed that this phrase was “commonly understood to describe a broad range of unwanted or inappropriate sexual activities, including subjecting another individual to indecent or nonconsensual advances for the perpetrator’s own sexual gratification.” American Commerce Insurance Company, 811 A.2d at 1199.
Further, in Jones v. Doe, 95-1298 (La.App. 3rd Cir.4/24/96), 673 So.2d 1163, the Louisiana Third Circuit dealt with a situation where a five-year-old boy was raped in a school restroom by another boy whose age was variously given in the record as between eleven and thirteen years old. The policy issued by the school board’s insurer contained an exclusion for bodily injuries arising out of “actual or threatened abuse or molestation ....” Jones, 95-1298 at p. 3, 673 So.2d at 1165. The Third Circuit held that the language of the policy was clear and unambiguous, and excluded coverage due to the occurrence of an “act of molestation.” See Jones, 95-1298 at pp. 4-5, 673 So.2d at 1166. Likewise, in the [¡linstant case, we believe that non-consensual sexual intercourse clearly and unambiguously falls within the meaning of the term “sexual molestation.” Whatever other conduct that broad term may include within its scope, it certainly includes non-consensual sexual intercourse. In our view, this interpretation is the only reasonable interpretation to which the term “sexual molestation” is susceptible.[3] Accordingly, all damages arising *246 from the alleged sexual molestation are excluded from coverage under the policy’s sexual molestation exclusion.[4]
On appeal,' both plaintiffs and S.W.L. assert that, since the policy does not define “sexual molestation,” this court should look to La. R.S. 14:81.2, which sets forth the elements for the criminal offense of molestation of a juvenile for clarification of the meaning of this term. One of the essential elements required for molestation of a juvenile under this statutory provision is that the lewd or lascivious act be committed “by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile.” See La. R.S. 14:81.2 A. Thus, based on this criminal requirement, they argue no sexual molestation could have occurred in this case, because plaintiffs made no allegations that the alleged sexual acts resulted from the use of force or other coercive means.
|1nThis contention lacks merit because, as previously stated, we do not find “sexual molestation” to be an ambiguous term in need of further clarification. Moreover, even assuming arguendo that the term was ambiguous, we have doubts that the criminal definition of molestation is indicative either of the parties’ intent or the plain and generally prevailing meaning of this term as used in homeowner’s insurance policies. We believe that to hold that the parties intended the term “sexual molestation” to be the same as the criminal definition of molestation of a juvenile would violate the principle that a policy is not to be interpreted in an unreasonable or strained manner so as to enlarge its provisions beyond what is reasonably contemplated by its unambiguous terms. See Cadwallader, 02-1637 at p. 3, 848 So.2d at 580.
In addition to arguing that the language of the sexual molestation exclusion was ambiguous, S.W.L. also asserts there are several genuine issues of material fact in this case. Summary judgment is improper when genuine issues of material fact exist. See La. C.C.P. art. 966 B. However, not every issue of fact is material. A fact is material if its existence or nonexistence is essential to the plaintiffs cause of action under the applicable theory of recovery. Thus, material facts are those that potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Dimattia v. Jackson National Life Insurance Company, 04-1936, pp. 5-6 (La.App. 1st Cir.9/23/05), 923 So.2d 126, 129.
Based on affidavits filed in opposition to the motion for summary judgment, S.W.L. contends genuine issues of material fact exist as to: (1) whether a thirteen-year-old boy can sexually molest a girl who is three years older than himself; (2) whether the minors had the ability to form intent to engage in non-consensual sex since they had been drinking; and (3) whether the boys used force, Inthreats of bodily harm, violence, duress, or undue influence in en *247 gaging in the alleged non-consensual sexual intercourse.
We recognize that the respective ages of the parties may be an issue in. a criminal prosecution for molestation of a juvenile under La. R.S. 14:81.2. However, within the context of determining application of a sexual molestation exclusion, we believe this is a legal rather than a factual issue, dependent upon the particular terms of the policy. Based on our interpretation of the policy in this case, we believe it is clear that a thirteen-year-old boy can sexually molest a sixteen-year-old girl within the meaning of the sexual molestation exclusion by engaging in non-consensual sexual intercourse with her. See Jones, 95-1298 at pp. 2-5, 673 So.2d at 1164-66. The language of the exclusion does not require the molester to be older than the victim, nor does it set a minimum age for committing sexual molestation within the meaning of that exclusion. Cf. Jones, 95-1298 at pp. 2-5, 673 So.2d at 1164-66. Thus, no genuine issue of material fact exists as to this issue.
Further, while the issue of intent is material to the application of the policy’s intentional injury exclusion, we have pre-termitted consideration of that exclusion because of our conclusion that the policy affords no coverage due to the sexual molestation exclusion. Thus, resolution of the issue of intent is not essential to, and would not affect, Liberty Mutual’s entitlement to summary judgment. Nor do we believe that any issue of fact that may exist as to whether force, threats of bodily harm, violence, duress, or undue influence was used in this case is an issue of material fact. Plaintiffs have not alleged that any force, threats of bodily harm, violence, duress, or undue influence was used in this case. Moreover, as we have previously indicated, it is not essential for application of the sexual molestation exclusion herein to establish that force, threats of bodily harm, violence, duress, or undue influence was used.
hgS.W.L. also points to the fact that K.W. expressly denied in his affidavit that he and J.K. moved A.D. from his sister’s bedroom to another room and engaged in non-consensual sexual intercourse and other non-consensual sexual conduct with her as creating a genuine issue of material fact. We do not agree for the reason that the policy would not afford coverage for the damages claimed, regardless of the resolution of this factual issue. If it were established that non-consensual sexual intercourse and other non-consensual sexual conduct did not occur, there would be no tortious conduct giving rise to damages for which the policy would provide coverage. Further, the policy would not afford coverage, even if it were established that non-consensual sexual intercourse and other non-consensual sexual conduct occurred, due to the existence of the sexual molestation exclusion applicable to all damages arising for sexual molestation. Since resolution of this factual issue would not affect the ultimate outcome of the coverage issue, it does not present an issue of material fact. See Dimattia, 04-1936 at pp. 5-6, 923 So.2d at 129.
Lastly, plaintiffs contend that applying any exclusion that limits coverage for the parental vicarious liability of S.W.L. for the actions of her minor son, K.W., violates public policy. The basis of this contention is Louisiana Directive Number 152, which was issued by the Commissioner of Insurance on June 9, 2000. The directive addressed the practice of certain insurers inserting a “Special Limits ’ of Liability Clause” in the conditions section of homeowner’s policies limiting the insurers’ liability for parents’ vicarious liability resulting from the acts of the *248 their minor children. The directive stated, in pertinent part, that:
THE DEPARTMENT OF INSURANCE VIEWS THE USE OF ANY TYPE OF LIMITATION CLAUSE IN A HOMEOWNER’S POLICY WHICH RESULTS IN LIMITING THE LIABILITY COVERAGE OF AN INSURER FOR PARENTS’ VICARIOUS LIABILITY FOR ACTS OF THEIR CHILDREN IS AGAINST THE PUBLIC INTEREST.
|13We are unpersuaded by appellants’ argument that this directive precludes application of the sexual molestation exclusion with respect to S.W.L.’s parental vicarious liability in this case. First, this court is not bound by the opinion of the commissioner of insurance with respect to whether a policy provision violates public policy, We also note that this court opined in Baugh v. Ray, 97-2625 (La.App. 1st Cir.5/5/99), 751 So.2d 888, 888-89 (on rehearing), that there is no public policy prohibiting a lower limit for parental vicarious liability. In any event, we do not believe this issue is presently before us under the facts of this case. The basis for finding no coverage for S.W.L.’s parental vicarious liability is not a special limitation clause limiting Liberty Mutual’s .liability for parental vicarious liability. Rather, the reason the policy provides no coverage for her parental vicarious liability is the existence of the exclusion precluding coverage for all bodily injuries “arising” from sexual molestation.
In determining the scope of policy provisions excluding coverage for damages “arising” or “resulting” from certain acts, the focus of the exclusion is on the cause of the damages, not the particular cause of action alleged. See Perkins v. Shaheen, 03-1254, p. 5 (La.App. 3rd Cir.3/3/04), 867 So.2d 135, 139; Hewitt v. Allstate Insurance Company, 98-0221, pp. 9-10 (La.App. 4th 1/27/99), 726 So.2d 1120, 1124-25. Thus, in this case, there is no coverage for any damages “[ajrising out of sexual molestation ....” All of the damages claimed by plaintiffs arose from the alleged sexual molestation. If there had been no sexual molestation, there would be no damages. Therefore, regardless of the legal classification of the cause of action against the defendants (whether negligence, parental vicarious liability, or some other basis), any claim for damages connected to the. sexual molestation cannot be separated therefrom and, thus, must also be excluded from coverage. Sanchez, 99-0137 at pp. 8-9, 753 So.2d at 407. See also Leslie v. Andrews, 04-2053, pp. 7-9 (La.App. 4th Cir.5/25/05), 905 So.2d 368, 372-73, writ denied, 05-1161 (La.5/5/05), 901 So.2d 1077; Perkins, 03-1254 at p. 5, 867 So.2d at 139.
Absent a conflict with statutory provisions or public policy, insurers have the right to limit their contractual liability and impose whatever conditions they desire upon their obligations. Cadwallader, 02-1637 at p. 9, 848 So.2d at 583. In this case, the fact that the policy excludes coverage for all damages “arising” from a sexual molestation, including any parental vicarious liability that may result from the acts of the insureds’ minor child, does not violate public policy. The contract of insurance constitutes the law between the parties and must be enforced as written herein. See Cadwallader, 02-1637 at pp. 4 & 9, 848 So.2d at 580, 583.
CONCLUSION
Accordingly, since the record indicates there are no genuine issues of material fact and that Liberty Mutual is entitled to judgment as a matter of law, summary judgment was properly granted. Therefore, we affirm the judgment of the district court. All costs of this appeal are to be *249 borne by the appellants, with plaintiffs to pay one-half and defendants, S.W.L. and R.L., to pay one-half of those costs.
AFFIRMED.
HUGHES, J., dissents with reasons.

. To protect the identity of the minors involved in this appeal, we have used initials rather than their names in this opinion.

. For purposes of its motion for summary judgment, Liberty Mutual accepted as true all the allegations of plaintiffs’ petition.

. Nor are we persuaded otherwise by plaintiffs’ cursory argument that the wording, of the exclusion indicates it is meant to apply to "adult against child” activity. This argument is based on the specific language of the exclusion providing that it applies to bodily injuries "[ajrising from sexual molestation, corporal punishment or physical or mental abuse....” Plaintiffs assert it is “clearly evident” from the close proximity of the term "sexual molestation” to the other terms that the exclusion is directed to "adult against child” activity. We disagree. Black’s Law Dictionary 10 (7th ed.1999) defines "abuse”, in part, as "[pjhysical or mental maltreatment.” "Corporal punishment” is defined as "[pjhysical punish *246 ment; punishment that is inflicted upon the body (including imprisonment).” Black’s Law Dictionary 1247 (7th ed.1999). Although it may often be the case, there is nothing intrinsic in the meaning of these terms that limits their application to acts committed by adults against children. Nor do we find any indication in the wording of the policy that the parties contemplated limiting the exclusion in this manner.

. In view of our conclusion that the policy provides no coverage for the damages claimed due to the application of the sexual molestation exclusion, we pretermit consideration of the issues raised by appellants regarding the policy's intentional injury exclusion.