BOLIN, Judge.
In 1934 Janie Wingate and several of her brothers and sisters purportedly executed an act under private signature conveying their inherited interest in land located in Jackson Parish to their brothers, Raymond and Ed Wingate. Plaintiffs sue Raymond Wingate and the heirs of Ed Wingate seeking to set aside the sale, as it affected the interest of Janie Wingate, on the ground that her signature was a forgery. In a written opinion the trial judge found plaintiffs had failed to prove the signature was a forgery. From judgment rejecting their demands plaintiffs appeal and we affirm.
The primary issue is factual, i. e., did plaintiffs prove the signature of Janie Win-gate was a forgery?
The 1934 deed, being an act under private signature duly acknowledged by one of the witnesses, is accorded the same credit between those who subscribed to it and their heirs as an authentic act. Louisiana Civil Code Article 2242; Louisiana Revised Statutes 13:3720; LeBoeuf v. Duplantis, 162 So. 592 (La.App. 1st Cir., 1935).
Civil Code Article 2236 provides an authentic act “is full proof of the agreement contained in it, . unless it be declared and proved a forgery.” Therefore, plaintiffs have the burden of proving by a preponderance of the evidence that Janie Wingate’s signature on the deed is a forgery. LeBoeuf, supra; Succession of Donellan, 310 So.2d 143 (La.App. 4th Cir., 1975).
*1273 Plaintiffs presented evidence that Janie had a broken arm on the date of the sale which would have prevented her from signing the deed, and that she never spelled her name with two “n’s” as it appeared on the document. Janie’s daughter testified that the signature was not her mother’s and that her mother had told her the signature was a forgery. Plaintiffs also produced a handwriting expert of limited experience who testified the signature was possibly a forgery.
The only living eye-witnesses to the signing of the deed were Raymond Wingate, one of the vendees, and Robbie Wingate, the wife of the other vendee. They both testified Janie had some type of splint or bandage on her writing hand but that she had signed the instrument. Raymond testified Janie had been one of the principal proponents of the sale and that he saw her after the sale and she never protested or indicated she was dissatisfied with the deed.
Defendants’ handwriting expert, who had previously testified in several hundred civil cases, stated there was not sufficient evidence to enable her to render an opinion as to whether or not the signature was a forgery.
We find the evidence supports the trial judge’s conclusion that plaintiffs failed to prove Janie’s signature on the deed was a forgery. We are particularly impressed by the fact that Janie herself never complained that the deed was in any way improper. Also, although Janie’s heirs contend Janie told them the signature was a forgery in 1940, they did not bring this action until nearly 35 years later, after the notary and witnesses to the deed were deceased.
Plaintiffs also complain of the trial judge’s refusal to grant a new trial on the basis of newly discovered samples of Janie’s signature which they obtained from the Social Security Administration. Plaintiffs have not shown they could not have obtained these samples with due diligence before or during the trial. La.Code of Civil Procedure Article 1972(2); Scarbrock v. Fowler, 317 So.2d 285 (La.App. 3rd Cir., 1975). The lower court was correct in overruling the motion for a new trial.
Judgment is affirmed at appellants’ cost.