J^LEON A. CANNIZZARO, JR., Judge.
This case involves an appeal by the defendant, Marine Transportation Services, Inc. (“MTS”), in a maritime personal injury case. MTS is appealing the trial court’s denial of its exception of improper venue.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
The plaintiff, Randall D. Woods, was injured aboard the MTV LORI D, an offshore crew and cargo boat, when the vessel, encountered rough seas while en route to a drilling rig in the Gulf of Mexico. MTS owned and operated the M/V LORI D, and Mr. Woods was employed by MTS as a mate aboard the vessel.
Mr. Woods’ injuries occurred when the vessel hit a rogue wave in the area of the Breton Sound off the Louisiana coast. On the day of the incident the vessel was making a trip from a dock in' Venice in Plaquemines Parish, Louisiana to a rig located in the Gulf. The four crewmembers aboard the vessel were Captain Phillip Larry Nelson, Mr. Woods, who was the mate, an engineer, and a deckhand.
Mr. Woods had been resting in his bunk below deck. When the vessel encountered rough water, he left his bunk to find a seat on deck with a. seatbelt. As he was going to find the seat, a rogue wave caused him to fall onto the floor in the |2galley of the vessel. He remained there until the vessel returned to shore where he was taken to a hospital.
*474 Approximately ten months after the incident, Mr. Woods filed suit against MTS alleging that he suffered damages as a result of the injuries he incurred. Almost two months after the suit was filed, MTS filed a declinatory exception of improper venue.
Shortly after the exception of venue was filed, Captain Nelson, who was navigating the vessel when it hit the rogue wave and who was the only person to see where the vessel was when it hit the wave, executed an affidavit that gave a longitude and latitude for the location where the vessel encountered the rogue wave. The vessel’s location when Mr. Woods was injured, according to Captain Nelson’s affidavit, was within state waters, which would support venue in Plaquemines Parish. When Captain Nelson’s deposition was taken several weeks after he executed the affidavit, he testified that the incident occurred at a different location from that given in his affidavit. This location was outside of state waters and would, therefore, make Plaquemines Parish an improper venue for this case. Captain Nelson explained in his deposition that the location of the incident given in his affidavit was incorrect, because in preparing the affidavit he had misread the portion of a navigational chart that had been sent to him at his home by facsimile transmission. He testified that when he later reviewed the full chart, he realized that the latitudinal and longitudinal coordinates given in the affidavit were incorrect.
At the hearing on the exception of improper venue, the trial court refused to allow the introduction of Captain Nelson’s deposition testimony on the issue of venue, because MTS had not timely filed the deposition under the rules applicable Uto Louisiana district courts. The trial court denied the exception of improper venue based on the records, including Captain Nelson’s affidavit, that were timely submitted.
DISCUSSION
Assignments of Error
MTS has made three assignments of error. MTS asserts that the district court erred in the following respects:
1. by finding that venue in Plaque-mines Parish was proper;
2. by using erroneous statements in Captain Nelson’s affidavits as the sole basis for determining that the venue was proper; and
3. by failing to consider the deposition testimony of Captain Nelson, who was the only eyewitness who observed the exact location where the rogue wave occurred.
Failure to Use Captain Nelson’s Deposition Testimony
In the instant case the trial court judge refused to consider the deposition testimony of Captain Nelson, because it was not timely submitted to the trial court. He also refused to grant a continuance of the hearing on the exception of improper venue.[1]
Rule 9.9 of the Rules for Civil (Except for Family, Juvenile or Domestic Relations) Proceedings in District Court provides in relevant part as follows:
(a) When a party files an exception ... that party must concurrently furnish the trial judge and serve on all other parties a supporting memorandum that cites both the relevant facts and applica *475 ble law. The memorandum must be served on all other parties so that it is received by the Rother parties at least 15 calendar days before the hearing, unless the court sets a shorter time.
[[Image here]]
(d) Parties who fail to comply with paragraphs (a) and (b) of this rule may forfeit the privilege of oral argument. If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late-filing party to pay the opposing side’s costs incurred on account of the untimeliness.
Rule 9.9 required MTS to furnish the trial court judge with a memorandum citing the relevant facts regarding venue from Captain Nelson’s deposition and to serve the memorandum on Mr. Woods within the time period set forth in the rule. This was not done, and the trial court judge was authorized by the rule to penalize MTS by refusing to hear its oral argument. The trial court was also authorized to continue the hearing and order MTS to pay Mr. Woods any extra costs he incurred, because MTS did not comply with the time limits established in Rule 9.9.
The trial court was not, however, permitted under Rule 9.9 to simply disregard what might well be relevant testimony on the issue of venue. Therefore, we vacate the trial court’s ruling on the exception and remand this case to the trial court for a new hearing. At the new hearing, the trial court should consider all of the admissible evidence that is presented and make a ruling based on that evidence.
Because we are remanding this case to the trial court for further action in accordance with this opinion, we need not address the assignments of error relating to whether the trial court was correct in determining the venue in this case. The proper venue will depend on the trial court’s factual findings regarding the location of the vessel when Mr. Woods was injured.
CONCLUSION
IfiThe judgment of the trial court on the exception of improper venue is vacated. This case is remanded to the trial court for further proceedings in accordance with this opinion.
VACATED AND REMANDED.
TOBIAS, J., Concurs and Assigns Reasons.

. The trial court judge had previously continued the hearing, and Mr. Woods objected to any further continuances.