923 So.2d 126 (2005)
Mary Charmaine Thibaut DIMATTIA
v.
JACKSON NATIONAL LIFE INSURANCE COMPANY.
No. 2004 CA 1936.
Court of Appeal of Louisiana, First Circuit.
September 23, 2005.
*127 Don R. Beard, Thomas C. McKowen, IV, Martin C. Schroeder, Jr., Baton Rouge, for Plaintiff/Appellant, Mary Charmaine Thibaut Dimattia.
Gregory J. Walsh, New Orleans, for Defendant, Jackson National Life Ins. Co.
Ben Louis Day, Baton Rouge, for Defendant-in-Reconvention/Appellee, Darren Dimattia.
Richard C. Odom, Baton Rouge, for Defendant-in-Reconvention/Appellee, Leslie Dimattia Bark.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
CARTER, C.J.
In this case, Jackson National Life Insurance Company (hereafter referred to as "JNL") invoked a concursus proceeding and deposited $251,664.37 into the registry of the district court, representing the policy proceeds and interest due under a life insurance policy as a result of the death of its insured, Dominic Anthony Dimattia (hereafter referred to as "the decedent"). The rival claimants to the proceeds are the decedent's wife, Mary Charmaine Thibaut Dimattia (plaintiff/appellant, hereafter referred to as "Mrs. Dimattia"), and the decedent's adult children, Leslie Dimattia Bark and Darren J. Dimattia (defendants-in reconvention/appellees, hereafter referred to as "Leslie and Darren").

BACKGROUND
JNL invoked the concursus proceeding in response to a petition filed by Mrs. Dimattia naming JNL as a defendant and asserting claim to the policy proceeds as the primary beneficiary under JNL's life insurance policy that was in effect on the date of the decedent's death, November 13, 2001. In her petition, Mrs. Dimattia alleged that she was the only beneficiary under the policy according to a December 5, 1996 confirmation letter sent from JNL to the decedent that acknowledged the decedent's November 6, 1996 request to change the primary beneficiary under the policy from Leslie and Darren to Mrs. Dimattia. In a letter purportedly signed by the decedent, faxed to, and received by JNL on December 4, 1996, the decedent expressed his desire to change the address and beneficiary on his life insurance policy to reflect Mrs. Dimattia's name, effective November 6, 1996, the date that the decedent purportedly signed the change of beneficiary form.
JNL named Mrs. Dimattia, Leslie, and Darren as defendants-in-reconvention in the concursus proceeding because Leslie and Darren had also made claims for the policy proceeds as the original co-beneficiaries under the policy.[1] Leslie and Darren maintained that the decedent had always indicated to them, even on his deathbed, that they were the co-beneficiaries under the JNL policy. The original JNL policy dated December 1, 1989, named Leslie and Darren as equal primary beneficiaries. Leslie and Darren alleged that the decedent's signature was forged on the November 6, 1996 change of beneficiary form.
Mrs. Dimattia filed a motion for summary judgment, supported by her personal affidavit, filed into the record on March 20, 2003. In her affidavit, Mrs. Dimattia averred that the decedent asked her to prepare a change of beneficiary request directed to JNL, requesting that the primary beneficiary under the JNL policy be changed from Leslie and Darren to her. *128 She also declared that she personally prepared the requested change, witnessed the decedent sign the request in her presence, and then faxed the request to JNL on December 4, 1996, asking that the change be made effective November 6, 1996, the date that the separate change of beneficiary form was dated. Leslie and Darren opposed Mrs. Dimattia's motion for summary judgment, and the district court denied the motion on June 25, 2003, finding a genuine issue of material fact.
On December 12, 2003 and January 19, 2004, respectively, Leslie and Darren filed their own motions for summary judgment. The motions were supported by: (1) memoranda; (2) Leslie and Darren's personal affidavits; (3) Mrs. Dimattia's admissions on file and excerpts from Mrs. Dimattia's deposition indicating that she worked in the law office where the decedent's last will and testament had been prepared and in the office from which the letter requesting the change of beneficiary was faxed; and (4) an affidavit by James R. Daniels, a purported expert in handwriting analysis, offering his expert opinion that the decedent's signature on the December 4, 1996 letter to JNL requesting the change of beneficiary to Mrs. Dimattia was a forgery, traced directly from the decedent's signature on his last will and testament dated February 2, 1995.
Leslie and Darren's motions for summary judgment were set for hearing on February 9, 2004. Four days before the hearing, on February 4, 2004, Mrs. Dimattia filed a memorandum in opposition to Leslie and Darren's motions for summary judgment. In support of her position, Mrs. Dimattia referred to and quoted from her affidavit that had been previously filed into the record on March 19, 2003, wherein she declared that she had personally witnessed the decedent sign the change of beneficiary request on December 4, 1996, after the decedent had specifically asked her to prepare and fax the request to JNL. Relying on her affidavit, Mrs. Dimattia argued that there was a genuine issue of material fact as to whether the decedent's signature on the change of beneficiary form/request was genuine or forged, and this issue was at the heart of the dispute involving the entitlement to the life insurance proceeds. She also contended that the issue involved a credibility determination that was improper for the context of a summary judgment.
Counsel for Mrs. Dimattia was not present at the hearing on February 9, 2004. However, the district court heard oral argument from Leslie and Darren's counsel. Leslie's attorney read the contents of Mrs. Dimattia's affidavit to the district court during oral argument. Afterward, the district court granted Leslie and Darren's motions for summary judgment, finding that the lack of expert testimony refuting Leslie and Darren's expert's opinion that the signature was forged was fatal to Mrs. Dimattia's opposition. The district court also ordered that the funds deposited by JNL into the registry of the court be equally dispersed to Leslie and Darren. Mrs. Dimattia appealed, arguing the district court erred in granting the motions for summary judgment.

LAW AND ANALYSIS
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Appellate courts are free to look at the summary judgment evidence afresh and decide without deference to what the district court did or did not do. See Hutchinson v. Knights of *129 Columbus, Council No. 5747, 03-1533 (La.2/20/04), 866 So.2d 228, 232.
In deciding a summary judgment motion, it must first be determined whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. If not, summary judgment must be denied in favor of a trial on the merits. See LSA-C.C.P. art. 966 B. A fact is material if its existence or nonexistence is essential to the plaintiff's cause of action under the applicable theory of recovery. Brown v. Manhattan Life Ins. Co., 01-0147 (La.6/29/01), 791 So.2d 74, 78; Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. In other words, material facts are those that potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. deBrun v. Tumbleweeds Gymnastics, Inc., 39,499 (La.App. 2 Cir. 4/6/05), 900 So.2d 253, 257.
The question of whether the decedent signed the December 4, 1996 letter requesting the change of beneficiary as well as the November 6, 1996 change of beneficiary form is crucial to the ultimate resolution of who is entitled to the life insurance proceeds in this case. The primary issue is whether the decedent's signature was a forgery. This is a factual issue. See Szmyd v. Wingate, 341 So.2d 1271, 1272 (La.App. 2 Cir.1977).
The burden of proof of forgery rested with Leslie and Darren, and they produced proof in the form of an affidavit setting forth an expert's opinion that the signature on the December 4, 1996 facsimile of the November 6, 1996 change of beneficiary form was a forgery. The change of beneficiary form that was referenced in the December 4, 1996 letter was also purportedly signed by the decedent. It is the genuineness of the signature on the actual change of beneficiary form that is determinative of who is entitled to the life insurance proceeds.
Although Leslie and Darren submitted an affidavit of a handwriting expert to support their allegation of forgery, Mrs. Dimattia came forward in her opposition with specific facts referenced in her previously-filed personal affidavit that she had personally witnessed the decedent sign the change of beneficiary form after the decedent had expressly asked her to prepare and fax the form. We find no merit to Leslie and Darren's contention that Mrs. Dimattia's opposition to their motions for summary judgment was "too late" to be considered by the district court. Rule 9.9 of the Louisiana District Court Rules[2] provides, in relevant part:
(b) A party who opposes an exception or motion must concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum must be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.
...
(d) Parties who fail to comply with paragraphs (a) and (b) of this rule may forfeit the privilege of oral argument. If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late-filing party to pay the opposing side's *130 costs incurred on account of untimeliness. (Emphasis added.)
The record indicates that Mrs. Dimattia's opposition was filed and mailed only four days before the hearing, and was thus untimely. However, the district court had the discretion, absent prejudice to the moving parties, to consider the memorandum (and the referenced previously-filed affidavit) jointly opposing the summary judgment motions even though it was filed after the time prescribed by Rule 9.9. See deBrun v. Tumbleweeds Gymnastics, Inc., 900 So.2d at 258-259. Given the fact that Mrs. Dimattia's support for her opposition consisted of an affidavit that had previously been filed into the record, and Leslie's attorney actually read the affidavit to the district court at the hearing, it cannot be said that Leslie and Darren were prejudiced by the district court's consideration of the affidavit. The district court would have been authorized to penalize Mrs. Dimattia by refusing to hear her oral argument, but this was not necessary since Mrs. Dimattia's counsel did not appear at the hearing. The district court also had the authority, even though this was not done, to continue the hearing and order Mrs. Dimattia to pay Leslie and Darren any extra costs they incurred because of her failure to comply with the time limits established in Rule 9.9. However, contrary to Leslie and Darren's argument, the district court did not have the authority to disregard the relevant affidavit offered by Mrs. Dimattia that she had specifically referenced and quoted from in her opposing memorandum and that had already been filed into the record. See Woods v. Marine Transportation Services, Inc. of Florida, 03-1830 (La.App. 4 Cir. 3/24/04), 871 So.2d 472, 475. In rendering judgment on a motion for summary judgment, the district court must consider the pleadings, depositions, admissions and affidavits that have been filed into the record or admitted into evidence. See LSA-C.C.P. art. 966; Johnson v. Slidell Memorial Hospital, 552 So.2d 1022, 1023 (La.App. 1 Cir.1989), writ denied, 558 So.2d 571 (La. 1990).
The two opposing views created by the expert's affidavit and Mrs. Dimattia's affidavit necessitate a determination of the credibility of the witnesses. The credibility of a witness or affiant is a question of fact. Hutchinson, 866 So.2d at 234. In deciding a motion for summary judgment, the district court must assume that all of the affiants are credible. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226, 236. The sworn affidavits of the expert and Mrs. Dimattia cannot be evaluated to determine whether they are credible at the motion for summary judgment stage. Hutchinson, 866 So.2d at 234. Although the standard for granting a motion for summary judgment no longer encompasses a presumption in favor of trial on the merits, a trial is designed to evaluate the facts when credibility is at issue. Id.
Given the existence of a disputed issue of material fact, particularly one as pertinent as whether the decedent actually signed the change of beneficiary form, we conclude that summary judgment was not appropriate. The district court improperly weighed conflicting evidence when considering these motions for summary judgment. At the hearing, the district court acknowledged there was "an issue as to whether or not [the decedent] actually signed the change of beneficiary form." The fact that Mrs. Dimattia produced no expert witness to refute Leslie and Darren's expert's opinion does not diminish Mrs. Dimattia's uncontradicted affidavit statement that she witnessed the decedent sign the form. This is a matter that goes to the weight of the evidence and a *131 credibility determination at a trial on the merits; it is inappropriate for summary judgment.[3] Accordingly, we reverse the district court judgment. We emphasize that our decision is no indication as to which party should ultimately prevail on the merits.

CONCLUSION
The judgment of the district court is reversed and this matter is remanded to the district court for further proceedings. Costs of this appeal are assessed against the defendants-in-reconvention/appellees, Leslie Dimattia Bark and Darren J. Dimattia.
REVERSED AND REMANDED.
NOTES
[1] Leslie also filed a cross-claim against JNL, alleging that JNL knew or should have known that the decedent's signature on the change of beneficiary form/request was a forgery.
[2] Rule 9.9 of the Louisiana District Court Rules applies to motions for summary judgment. See Rule 9.10(1) of the Louisiana District Court Rules.
[3] See Smith v. Our Lady of the Lake Hospital, Inc., 639 So.2d at 751, wherein the Louisiana Supreme Court held that "in determining whether an issue is `genuine,' courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence."