PER CURIAM.
hWrit granted. This arises out of a dispute before the Office of Worker’s Compensation regarding the compensability of treatment sought by an injured employee. The employee, Brett Bourque, did not obtain pre-approval for the treatment and now seeks reimbursement in the amount of $10,786.12.[1]
Plaintiff filed a petition with the Office of Worker’s Compensation seeking reimbursement for the treatment. The defendant employer Transit Mix Concrete and Materials Co. denied liability and filed a motion for partial summary judgment arguing that if it were liable at all, it owed only $750 per provider because the treatment was obtained without the employer’s consent. The worker’s compensation judge granted partial summary judgment on April 4, 22 2013, limiting liability to $750 per provider. Plaintiff appealed to the Third Circuit Court of Appeal.
|2The Court of Appeal found that the evidence which defendant attached to its motion for partial summary judgment had not been formally admitted into evidence by the worker’s compensation judge. Therefore, the Third Circuit reversed the grant of partial summary judgment stating that “[biased on a lack of such evidence, we are left with nothing on which to base a finding as to the correctness of the [worker’s compensation judge]’s judgment.” We now review the Third Circuit’s finding.
The Third Circuit Court of Appeal erred when it found that evidence attached to the motion for partial summary judgment submitted by defendant was not properly admitted by the worker’s compensation judge. The technical rules of evidence and procedure are relaxed in the context of Worker’s compensation hearings. La.Rev. Stat. Ann. 23:1317; see Taylor v. Tommie’s Gaming, 2004-2254 (La.5/24/05), 902 So.2d 380, 383 (“While we recognize that the rules of evidence and procedure are relaxed in worker’s compensation proceedings, such proceedings are nonetheless lawsuits to be conducted in conformity with the accepted standards of practice and procedure.”)(internal citations omitted). Further, the Louisiana Code of Civil Procedure provides that:
(2) Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Sub-paragraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.
La.C.C.P. art. 966 (emphasis added). The Office of Worker’s Compensation minutes reveal that defendant offered the evidence into evidence, even though the worker’s compensation judge never explicitly admitted them. Moreover, the plaintiff made no objection to the evidence being treated as admitted. The facts and law indicate that the evidence attached to defendant’s mo *421 tion for partial summary | ¡¡judgment was properly admitted and therefore the Court of Appeal should have considered the evidence on review. Accordingly, the ruling of the Third Circuit is reversed and this case is remanded for further proceedings in light of this ruling.
REVERSED AND REMANDED.
JOHNSON, C.J., dissents and assigns reasons.
KNOLL, J., dissents and would deny the writ.
HUGHES, J., dissents.

. The fee includes $4,493.80 for the physician's fee and $6,292.32 for facility costs.