HOLDRIDGE, J.
lain this workers’ compensation matter, employee/claimant, Angela Malone-Watson, appeals a judgment rendered in favor of employer/defendant, Strategic Restaurants Acquisition Company, LLC, and its third-party administrator, Broadspire (collectively, “Strategic”) that held Mrs. Watson forfeited her right to workers’ compensation benefits under La. R.S. 23:1208 due to her willful false statements made in order to recover workers’ compensation benefits. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL HISTORY
At issue in this workers’ compensation case is whether the claimant, Mrs. Watson, willfully made false statements and representations for the purpose of obtaining benefits. Mrs. Watson filed her claim for workers’ compensation benefits with the Office of Workers’ Compensation Administration, against Strategic. She claims she was injured on January 25, 2013, while working as an employee at the Burger King restaurant located on Coursey Boulevard in Baton Rouge, Louisiana. Mrs. Watson asserts that a co-worker left a bread tray in the walkway and she tripped over it. She filed a claim for compensation on April 10, 2013, for the alleged injury. According to the workers’ compensation form, she claimed she sustained injuries to her left ankle, both knees, back, hip, and strained muscles in her left arm as a result of her trip and fall accident.
Strategic moved for summary judgment, submitting as evidence Mrs. Watson’s deposition testimony and compiled video surveillance recordings, as well as other documentation. The Workers’ Compensation Judge (“WCJ”) granted summary judgment on March, 14, 2014, in Strategic’s favor and dismissed Mrs. Watson’s claim. Mrs. Watson now appeals the summary judgment rendered against her.
1 «STANDARD OF REVIEW
An appellate court reviews a WCJ’s decision to grant a motion for summary judgment de novo, using the same criteria that govern the WCJ’s consideration of whether summary judgment is appropriate. Newman v. Richard Price Construction, 2002-0995 (La.App. 1st Cir.8/8/03), 859 So.2d 136, 139. A claim under La. R.S. 23:1208 is appropriate for resolution by summary judgment. Morris v. Textron Marine & Land Sys., Inc., 2014-0293 (La. App. 1st Cir.9/24/14), 155 So.3d 21, 23, writ denied, 2014-2223 (La.1/9/15), 157 So.3d 1108.[1]
*419 In Bourque v. Transit Mix, 2014-1588 (La.12/8/14), 153 So.3d 419, 420 (per curiam) the Louisiana Supreme Court noted that the technical rules of evidence and procedure are relaxed in the context of workers’ compensation hearings citing La. R.S. 23:1317(A) and Taylor v. Tommie's Gaming, 2004-2254 (La.5/24/05), 902 So.2d 380, 383. Further, Louisiana Code Of Civil Procedure Article 966(F)(2) provides that:
Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only. evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.
Since Mrs. Watson made" no objection to any evidence cited in or attached to the motion for summary judgment filed by Strategic, all evidence presented by Strategic was deemed admitted. Thus, the video surveillance recordings, which were filed with the motion for summary judgment, may be considered by both the 14WCJ and this court. Bourque held that evidence attached to defendant’s motion for summary judgment was properly admitted in a motion for summary judgment proceeding before the WCJ. Therefore, the Court of Appeal should consider that evidence on review.
ALLEGED VIOLATION OF LA. R.S. 23:1208
In her one assignment of error, Mrs. Watson urges that the [WCJ] erred in finding that video surveillance of [her] operating a motor vehicle and using her left- arm constituted conclusive proof that [she] willfully made false statements or willful representations for the specific purpose of obtaining Workers’ Compensation benefits. Louisiana Revised Statute 23:1208(A) provides:
It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a. false statement or representation.
Louisiana Revised Statute 23:1208 applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers’ compensation benefits, 'and therefore, generally becomes applicable at the time ‘of an employee’s accident or claim. Resweber v. Haroil Construction Company, 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7, 9. This broadly worded statute encompasses false- statements or misrepresentations made to anyone, including the employer, physicians or insurers, when made willfully or deliberately for the purpose of obtaining benefits. Resweber, 660 So.2d at 9.
An employee who violates La. R.S. 23:1208 shall forfeit any right to *420 workers’ compensation benefits. La. R.S. 23:1208(E). The three requirements for the forfeiture- of benefits under Section 1208 are: (1) there is a false statement or representation; (2) it is willfully made; and, (3) it is made for the purpose of |,r,obtaining or defeating any benefit or payment. Resweber, 660 So.2d at 11. The statutory forfeiture of benefits is a harsh remedy and must be strictly construed. Leonard v. James Industrial Constructors, 2003-0040 (La.App. 1st Cir.5/14/04), 879 So.2d 724, 730, writ denied, 2004-1447 (La.9/24/04), 882 So.2d 1139. In such cases, the WCJ must make a determination based on the record whether a statement or representation was willfully made to obtain benefits and to defraud the workers’ compensation system. See Jim Walter Homes, Inc. v. Prine, 2001-0116 (La. App. 1st Cir.2/15/02), 808 So.2d 818, 824. The relationship-between the false statement and the pending claim will be probative in determining, whether the statement was made willfully for the purpose of obtaining benefits. Slater v. Mid-South Extrusion, 43,343 (La.App. 2nd Cir.8/13/08), 989 So.2d 252, 256.
On appeal, Mrs. Watson argues that the WCJ erred in concluding she is no longer entitled to workers’ compensation benefits. Mrs. Watson contends she is- still suffering from injuries she incurred from a fall while working at' the Burger Bang restaurant on January 25, 2013. However, Mrs. Watson presented no evidence other than her own testimony regarding her physical condition and/or limitations and the extent of her injuries, and her need for continued medical treatment for her work-related injury.
Strategic,. in opposition to Mrs. Watson’s claim, contends that she forfeited her workers’ compensation Benefits because she willfully misrepresented the extent of the injuries she suffered, the limitations of her activities, and her ability to perform the job duties of her pre-accident employment solely for the purpose of obtaining benefits. In support of this argument, Strategic submitted a compilation of video | ^surveillance recordings showing Mrs. Watson on multiple dates before and after she gave deposition testimony and no objection was raised. The video surveillance recordings shows Mrs. Watson going about her daily life and performing a wide range of activities that she denied she could perform, including driving a car, walking without assistance, bending from the waist, and the regular use of her left arm, hand, and knees. “[Sjurveillance videotape may form the basis of a forfeiture under [section 1208] if it directly contradicts the claimant’s statements.” Franklin v. HealthSouth, 41,458 (La.App. 2nd Cir.9/20/06), 940 So.2d 83, 87. In her deposition taken approximately seven months after the accident, Mrs. Watson testified repeatedly about the severity of her condition, the,physical limitations she suffered as a result of the fall and the high level of pain she continued to-experience from her injury. She specifically described the pain in her left arm on a scale of one to ten' as, “an 8 or 9 now.” She explained “I don’t carry nothing heavier [than] a loaf of bread or maybe a cup — ” When asked if she drives, Mrs. Watson responded, “I don’t drive ... because I’m scared my knee is going to give out.” However, Mrs. Watson’s deposition testimony was contradicted by the video surveillance recordings, which showed her on multiple occasions driving and using her left arm.
After reviewing all of the evidence, the WCJ. ruled that Mrs. Watson forfeited any and all entitlement to -workers’ compensation benefits because she made false statements and misrepresentations for the purpose of obtaining workers’ compensation benefits in violation of La. R.S. 23:1208. This court agrees with the finding that *421 Mrs. Watson’s exaggeration of her symptoms and false statements were willful fraudulent actions and in violation of La. R.S. 23:1208.
CONCLUSION
After a thorough review of the record, exhibits, and jurisprudence, we conclude that Strategic Restaurants Acquisition Company, LLC, and its third-party 17administrator, Broadspire proved through properly admitted video surveillance recordings that Mrs. Watson willfully misrepresented her symptoms, thereby triggering the forfeiture statute. Therefore, we affirm the judgment of the WCJ. All costs . of this appeal are assessed against Angela Malone-Watson.
AFFIRMED.
McDONALD, J., concurs.
CRAIN, J., concurs in the result and assigns reasons.

. Under Louisiana Code of Civil Procedure Article 966(F)(2) and the decision of the supreme court in Bourque v. Transit Mix, 2014-1588 (La. 12/8/14), 153 So.3d 419, 420, evi *419 dence other than pleadings, depositions, answers to interrogatories, admissions, and affidavits may be admitted (or deemed admitted) in summary judgment proceedings. Since other evidence, such as the video surveillance recordings in this case, may be admitted in such summary judgment proceedings, the WCJ is called upon to make credibility determinations as to the sufficiency of the evidence in deciding the motion for summary judgment. Because -of these factual determinations made by the WCJ in the summary judgment proceeding, it is questionable whether the review by the appellate court should be a de novo review or a review using the manifest .error standard. However, since the result in this case would be the same, the decision as to the appropriate standard in certain summary judgment cases is left for another day.