**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0019

CAMERON WAINWRIGHT OBO MINOR KENDALL WAINWRIGHT

VERSUS

AMERICAN MULTI-CINEMA, INC., GALLAGHER BASSETT SERVICES, INC.

Judgment rendered___**SEP 2 7 2019**___

* * * * *

On Appeal from the
Office of Workers' Compensation, District 6
In and for the Parish of Tangipahoa
State of Louisiana
No. 17-08294

Workers' Compensation Judge Robert Varnado, Judge Presiding

* * * * *

Gregory J. Hubachek            Attorney for Plaintiff/Appellant
Metairie, Louisiana            Cameron Wainwright OBO minor
                               Kendall Wainwright


Philip G. Watson              Attorneys for Defendants/Appellees
David J. Bourgeois            American Multi-Cinema, Inc. and
Metairie, Louisiana          Gallagher Bassett Services, Inc.

* * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

McClendon, J. concurs and assigns reasons

**HOLDRIDGE, J.**

In this workers' compensation matter, the claimant, Cameron Wainwright ("Mr. Wainwright") on behalf of the minor employee, Kendall Wainwright ("Kendall"), appeals a judgment rendered in favor of the employer, American Multi-Cinema, Inc. ("AMC"), and its third-party administrator, Gallagher Bassett Services, Inc. ("Gallagher") (collectively, "defendants"), that granted their motion for summary judgment and dismissed his suit against them. For the reasons that follow, we reverse.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Wainwright filed his claim with the Office of Workers' Compensation Administration on December 27, 2017, seeking workers' compensation benefits from the defendants for his daughter Kendall's injury. He stated that Kendall was injured on June 7, 2017, while working for AMC as a movie theater attendant. According to the claim, the manager instructed Kendall to assist with the cleaning of the theater. While Kendall was sweeping the theater, she fell to the floor, fracturing her left arm.

On August 9, 2018, the defendants moved for summary judgment, contending that Kendall did not suffer a work accident because her alleged hypoglycemia caused her to faint and fall. The Workers' Compensation Judge ("WCJ") granted summary judgment on September 20, 2018, and dismissed the claim. Mr. Wainwright now appeals.

On appeal, Mr. Wainwright contends that the WCJ erred in granting the motion for summary judgment because he overruled Mr. Wainwright's objections to the medical records and affidavit that the defendants submitted in support of their motion. He also contends that the WCJ erred in determining that no genuine

2

issue of material fact existed as to what caused the work accident and in determining that the fall was not a compensable accident.

## APPLICABLE LAW

An appellate court reviews a WCJ's decision to grant a motion for summary judgment *de novo*, using the same criteria that govern the WCJ's consideration of whether summary judgment is appropriate. **Malone-Watson v. Strategic Restaurants**, 2014-1191 (La. App. 1 Cir. 6/11/15), 176 So.3d 417, 418. The applicable workers' compensation administrative regulation, promulgated under the authority of La. R.S. 23:1310.1, provides that "[e]x parte and contradictory motions shall be governed by Code of Civil Procedure Articles 963 et seq." La. Admin. Code Title 40, Pt. I, § 5835(A).[1] Thus, the determination of motions for summary judgment is subject to the same standards used in ordinary civil actions. **Plant Performance Services, LLC v. Harrison**, 2017-1286 (La. App. 1 Cir. 4/6/18), 249 So.3d 1, 5.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests on the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the

---

[1] Louisiana Revised Statutes 23:1310.1 provides, in pertinent part:

> C. The assistant secretary shall have the authority to adopt reasonable rules and regulations, including the rules of procedure before the workers' compensation judges, according to the procedures established by the Administrative Procedure Act. [La. R.S. 49:950, *et seq.*] All rules and regulations, properly approved and promulgated ... shall be consistent with the Workers' Compensation Law and shall be binding in the administration of that law. (Footnote omitted.)

Section 5835 was promulgated by the Department of Labor, Office of Workers' Compensation Administration in February of 1999, then amended in October of 1999 and April of 2007.

3

mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4).

Louisiana Revised Statutes 23:1031(A) provides for workers' compensation benefits to an employee who receives personal injury by accident arising out of and in the course of his employment. Louisiana Revised Statutes 23:1021(1) defines accident as follows: "'Accident' means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." As in other civil actions, the plaintiff worker in a compensation action has the burden of establishing a work-related accident. **Ardoin v. Firestone Polymers, L.L.C.**, 2010-0245 (La. 1/19/11), 56 So.3d 215, 218. When a defendant employer asserts contributing causes other than the alleged compensable accident, the burden of such proof rests with the defendant employer. **Hull v. Liberty Mutual Insurance Company**, 236 So.2d 847, 852 (La. App. 1 Cir.), writ refused, 239 So.2d 361 (La. 1970).

From the documents submitted by the defendants in support of the motion for summary judgment, there is no genuine issue of material fact that the plaintiff

4

suffered a personal injury arising out of and in the course of her employment. See La. R.S. 23:1031(A); **Ardoin**, 56 So.3d at 218. In order to be successful on their motion for summary judgment, the defendant employer and insurer must also show that there are no factual issues that there is a contributing cause of the accident that makes it a non-compensable accident. See, e.g., **Hull**, 236 So.2d at 852. Since the defendants-movers have the burden of proof on this issue, they must submit sufficient supporting documents to resolve all material factual issues and show that they are entitled to judgment as a matter of law. See **Mercadel v. State through Dep't of Public Safety**, 2018-0415 (La. App. 1 Cir. 5/15/19), 2019 WL 2234404, at *3 (unpublished); **Crockerham v. La. Medical Mutual Ins. Co.**, 2017-1590 (La. App. 1 Cir. 6/21/18), 255 So.3d 604, 608; **Dimattia v. Jackson Nat. Life Ins. Co.**, 2004-1936 (La. App. 1 Cir. 9/23/05), 923 So.2d 126, 129. If the defendants fail to carry their burden, summary judgment must be denied.

## MOTION FOR SUMMARY JUDGMENT

In their motion for summary judgment, the defendants submitted as evidence the claim form, hospital records, adjuster Leia Dixon's affidavit, and Kendall's deposition.[2] In Kendall's deposition, Exhibit E, she described what happened at her workplace on June 17, 2017, as follows:

> I was at the top of one of the theaters, sweeping, and then I fell down the stairs. And then I saw my arm cocked off to the side and then, like, freaked out, I guess, and passed out. And then, when I came to, the person that was cleaning the theater with me, and then Shelby, who I think was the manager, was there. They were like, "Why did you pass out?"
>
> And I was freaking out because my arm was broken. I was like, "I thought I might have some blood sugar issues earlier." When she was asking me what happened, I repeatedly told her—I was panicking

---

[2] The defendants referred to Kendall's deposition in support of that part of their motion for summary judgment concerning their affirmative defense that she committed fraud under La. R.S. 23:1208, thereby forfeiting her right to workers' compensation benefits. This issue was not addressed in Mr. Wainwright's opposition memorandum or at the summary judgment hearing.

because my arm was, like, broken off to the side. But I fell and passed out when I saw my arm.

She repeated during the deposition that she tripped over her feet and fell down the stairs, that the fainting did not cause her to fall, and that she fainted when she looked at her arm.[3] She testified that she was never diagnosed with hypoglycemia, but that she had had "some issues" in eighth and ninth grade with "passing out." According to Kendall, her physician had indicated the fainting might be from hypoglycemia, but also said, "[t]his could even be you standing up too fast." Kendall denied ever measuring her sugar level.

In Exhibit B, an excerpt of certified medical records from North Oaks Health System from June 7, 2017, under "History" and "Chief Complaint" was listed "Loss of Consciousness" and "Wrist Injury," with the following comments:

> This is a 17-year-old female who was working at her job at the movie theater and was cleaning a theater when she began to feel weak and dizzy. She checked her blood sugar and it was in the low 60s. At one point she passed out and landed on her left wrist. She comes in complaining of left wrist pain. Blood sugar here was in the 90s. She does have a history of hypoglycemia.

The emergency physician noted that he suspected "the syncope was from the hypoglycemia" and also stated, "Impression: Syncope. Wrist fracture. Hypoglycemia."[4]

A nurse's entry in the medical records stated that Kendall said she had been checking her blood sugar daily, that she was having "syncopal episodes," and that her physician was aware of her "hypoglycemic events." Another entry by a

---

[3] The defendants also submitted Exhibit F, which is a North Oaks record dated August 7, 2017, but the copy of the record attached to the motion is not certified.

[4] Merriam-Webster's Dictionary defines "syncope" as "loss of consciousness resulting from insufficient blood flow to the brain: FAINT." **Merriam-Webster Online Dictionary.** 2019. http://www.merriam-webster.com (11 Sept. 2019).

different nurse stated, "Pt. [s]tates she passed out at work and fell down the stairs at work 'because my sugar drops.'"

In Exhibit C, the affidavit of the adjuster for Gallagher, Ms. Dixon stated that on June 7, 2017, Kendall gave her a verbal statement summarizing the incident that occurred earlier that day. The affidavit then said:

> 5. Plaintiff reported as she was cleaning her employer's ... theater, either (1) she passed out due to hypoglycemia and/or (2) "climbed to the top of the stairs too quickly[,"] fell down the stairs, and broke her arm.
>
> 6. Plaintiff reported that after the incident, she measured her blood sugar, finding it was "high," "not low."
>
> 7. She reported she immediately treated with North Oaks Regional Health Center in Hammond, Louisiana, where the physician opined she suffered from "hypoglycemia" ("low blood sugar.")
>
> 8. She reported "the doctor thinks she is hypoglycemic so she checks her blood sugar regularly."

Exhibit D consists of certified medical records from North Oaks Pediatrics, which included notes from three visits during 2013 and 2014. The note for the visit on March 25, 2014, stated, "Passed out twice today @ school[.]"

In his memorandum in opposition to the motion for summary judgment, Mr. Wainwright objected to Exhibits B, C, and D. The WCJ overruled the objections and considered these exhibits.[5] Mr. Wainwright did not submit any documents in opposition to the motion for summary judgment.

---

[5] Louisiana Code of Civil Procedure article 966(D)(2) provides:

> The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.

On appeal, Mr. Wainwright contends that the WCJ erred in admitting Exhibits B, C, and D. However, we need not address the issues regarding the admissibility of these exhibits because even considering all of the exhibits, an analysis of the workers' compensation law shows that the defendants did not meet their initial burden of establishing that there was no genuine issue of material fact as to whether Kendall's accident arose out of or in the course of her employment and that they were entitled to judgment as a matter of law. The deposition contains statements that Kendall tripped and fell, then fainted after seeing her fractured arm, and the medical records contain statements that Kendall fainted due to hypoglycemia, thereupon fracturing her arm. The affidavit states that Kendall reported she either passed out due to hypoglycemia or she climbed the theater stairs too quickly and fell. Thus, the defendants' documents in support of their summary judgment motion present a genuine issue of material fact regarding the cause of Kendall's fall.

In reviewing whether the factual issue regarding the cause of Kendall's fall is a genuine issue of material fact such that the defendants are not entitled to judgment as a matter of law, we initially note that an otherwise compensable accident does not cease to arise out of the employment simply because it can be attributed to a physical infirmity of the employee. **Guidry v. Serigny**, 378 So.2d 938, 940 (La. 1979). In **Guidry**, an employee worked as a cook in the defendant employer's restaurant and fell when she was carrying a mayonnaise jar from the storage area to the kitchen and injured her back. **Id**. at 939-40. The evidence at trial indicated that the employee fell because she fainted, had a heart attack, or slipped on a newly waxed floor. **Id**. at 939. The supreme court found that the accident clearly occurred during the course of the employee's employment. **Id**. In holding that the accident arose out of the employment, the supreme court observed

that the accident was not the fainting spell, heart attack, or slip that may have caused the employee to fall, but was the fall itself that injured the employee's back, "and this is so regardless of the precipitating reason therefor." **Id**. at 940.[6] In determining whether the employee's "(fall) accident" arose out of her employment, the court set forth a two-fold inquiry: "[f]irst, it must be determined whether the employee was then engaged in his employer's business and secondly, did the necessities of the employer's business reasonably require that the employee be at the place of the accident at the time of the accident." **Id**. The supreme court found these requirements were met. **Id**.

In **Guidry**, the supreme court referred to an analogous case, **Hull**, 236 So.2d at 847, where the deceased employee, while driving an automobile in the course of his employment, experienced what appeared to be hypoglycemic shock, became unconscious, and lost control of his vehicle. **Guidry**, 378 So.2d at 940. In the ensuing accident, the employee suffered a compound fracture of the skull, which caused his death. **Hull**, 236 So.2d at 850. The supreme court in **Guidry** commented that this court in **Hull** "properly allowed recovery [of workers' compensation benefits] because while the employee's preexisting condition of diabetes may have caused the collision, it was the collision which caused the fractures and his subsequent death. Thus, since the collision was an accident which arose out of the conducting of his employer's business, recovery was proper." **Guidry**, 378 So.2d at 940.

To support their contention that Kendall's accident did not arise out of her employment if she fainted due to hypoglycemia, the defendants rely on the

---

[6] In determining that the accident arose out of the employment, the supreme court reversed the ruling of the trial court and the affirmation by this court that the accident did not arise out of the employment because there was evidence the fall was due to a fainting spell or a heart attack. See **Guidry v. Serigny**, 370 So.2d 904, 907 (La. App. 1 Cir. 1979).

supreme court's statement in **Guillory v. Interstate Gas Station**, 94-1767 (La. 3/30/95), 653 So.2d 1152, 1154, that "[a]n accident arises out of the employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment." The WCJ adopted this reasoning, stating at the hearing, "Having hypoglycemia does not create a greater risk for passing out at work versus at home as indicated in ... this scenario...."[7] The defendants additionally note the supreme court's language that "[t]he principal objective of the 'arising out of employment' requirement is to separate accidents attributable to employment risks, which form the basis of the employer's obligation under the compensation system, from accidents attributable to personal risks, for which the employer should normally not be responsible." **Id**. However, the defendants fail to note that **Guillory** involved a motion for summary judgment by an employer where an employee of a gas station was shot by her husband while she worked; therefore, the supreme court determined that the injury arose from a non-employment related dispute and did not arise from her employment. See **Id**. at 1153, 1155. In the instant case, unlike the **Guillory** case, the accident (the fall) occurred while Kendall was cleaning the theater near or on the stairs.[8]

Moreover, whether Kendall's fall was due to a fainting spell caused by hypoglycemia or due to her tripping over her feet, the accident was the fall itself, and the injury was her fractured arm. As was stated by the supreme court in **Guidry**, the accident in that case was the fall itself, not the fainting spell, the heart attack, or the slip that may have caused the employee to fall. **Guidry**, 378 So.2d at 939-40. We must apply the two-part test set forth in **Guidry** to determine whether

---

[7] The WCJ stated that he adopted defendants' memorandum in support and supplemental memorandum as his reasons for judgment.

[8] **Guillory** is also factually distinguishable from the instant matter as this matter does not concern injuries that arose from a dispute, let alone a non-employment related dispute. **Guillory**, 653 So.2d at 1155.

Kendall's accident arose out of her employment, that is, whether she was engaged in her employer's business and whether the necessities of her employer's business reasonably required her to be at the place of the accident at the time of the accident. **Id**. at 940. At the time of her fall, Kendall was cleaning the theater pursuant to her manager's directive. Defendants' evidence presented on the motion for summary judgment did not establish any factual dispute as to whether Kendall was acting in pursuit of her employer's business when the accident (the fall) occurred or whether she was required to be in the area where the accident (the fall) occurred. The defendants' evidence did not resolve the factual dispute over whether the fall was caused by a pre-existing medical condition of the plaintiff or her falling down the stairs for other reasons. Similarly, there is a question of law as to whether, as a matter of law, that if the plaintiff's fall were due to hypoglycemia, it would not have been a compensable work-related injury. Therefore, Mr. Wainwright's assignments of error that the WCJ erred in determining that there were no genuine issues of material fact and that the defendants were entitled to judgment as a matter of law have merit.

## CONCLUSION

For the reasons set forth above, we reverse the judgment of September 20, 2018 granting summary judgment in favor of American Multi-Cinema, Inc. and Gallagher Bassett Services, Inc., and dismissing the claim of Cameron Wainwright on behalf of the minor employee, Kendall Wainwright. This matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to American Multi-Cinema, Inc. and Gallagher Bassett Services, Inc.

**REVERSED AND REMANDED.**



**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2019 CA 0019**

**CAMERON WAINWRIGHT OBO MINOR KENDALL WAINWRIGHT**

**VERSUS**

**AMERICAN MULTI-CINEMA, INC., GALLAGHER BASSERTT SERVICES, INC.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**McClendon, J., concurring.**

I agree with the majority that genuine issues of material fact remain regarding the cause of plaintiff's fall. I would therefore reverse the September 20, 2018 judgment solely on this basis. Having so concluded, I find it unnecessary to determine whether the decisions by the Supreme Court of **Guidry v. Serigny**, 378 So.2d 938 (La. 1979), and **Guillory v. Interstate Gas Station**, 1994-1767 (La. 3/30/95), 653 So.2d 1152, are consistent, and if so, the manner in which said holdings would affect the outcome of this case.